[376]   *THE PEOPLE, RESPONDENT, v. SAMUEL GIL-
                    MORE, APPELLANT.

[1]CRIMINAL LAW—PLEA OF FORMER CONVICTION.—The defendant was convicted of
        manslaughter, upon an indictment charging the crime of murder. The verdict
        was, on his motion, set aside. *Held*, that to a second trial for murder, upon the
        same or a different indictment, defendant can plead the former conviction of
        manslaughter as an acquittal of the crime of murder. *Held*, also, that under
        the same indictment the defendant may be again tried, and convicted for man-
        slaughter.

APPEAL from the Fourth Judicial District.

Mr. Ch. J. MURRAY delivered the opinion of the Court.
Mr. J. HEYDENFELDT concurred.

The appellant was indicted for murder.

On the trial, the jury rendered a verdict of guilty of man-
slaughter, which was afterwards set aside on the prisoner's
motion, and a new trial ordered.

On the second arraignment of the prisoner upon the in-
dictment, he pleaded a former acquittal.

The questions presented are:

1st. The prisoner having been convicted of manslaughter,
can he, on a second trial, be compelled to answer to the
charge of murder? And,

2d. Admitting that he cannot, whether the prisoner can
be again tried for manslaughter, inasmuch as the indictment
against him is for the crime of murder?

A conviction for manslaughter is an acquittal of the charge
of murder, and the verdict, though general in in its terms,
must, by legal operation, amount to an acquittal of every
higher offense charged in the indictment than the particular
one of which the prisoner is found guilty.

The reason is obvious: if such were not the case, the party,
after undergoing punishment for manslaughter, might be ar-

¹ Commented on in *People* v. *Backus*, 5 Cal. 278; *People* v. *Apgar*, 35 Cal. 391.
Cited in *People* v. *Webb*, 38 Cal. 478; *State* v. *Tweedy*, 11 Iowa, 357; *People* v
*Schmidt*, 64 Cal. 264.   See 48 Ala. 695; 17 Am. Rep. 49; 29 Ark. 46; 33 Wis. 124; 14
Am. Rep. 750; 28 Gratt. 957 960; 8 Kan. 241, 244; 12 Am. Rep. 470; 48 Ind. 553.

raigned and tried again for murder, notwithstanding
he had * been compelled to answer this charge upon    [377]
the first trial, and the jury had passed upon the same.

"The jury, in such a case, in contemplation of law, render
two verdicts: the one acquitting him of the higher crime; the
other convicting him of the inferior. They must first deter-
mine his guilt or innocence upon the charge made by the
indictment, before proceeding to inquire whether he is guilty
of an inferior crime. The verdict of manslaughter is as
much an acquittal of the charge of murder, as a verdict
pronouncing his entire innocence would be, for the effect of
both is to exempt him from the penalty of the law for such
crime." (*Hurt* v. *The State of Miss.*, 25 Miss. 378.)

It is contended, however, in opposition to this position,
that the new trial is the consequence of the prisoner's own
act, and that he voluntarily subjects himself to the risk of a
conviction for murder, by applying for such new trial.

The case has been likened to one where the judgment is
arrested for some irregularity or informality on the applica-
tion of the prisoner. There is a wide difference between
the two cases: in the latter the verdict is against the pris-
oner, while in this case it is in his favor.

There is no authority to be found, which enables a party or
the Court, in a case where the prisoner has been acquitted of
an alleged crime, to arrest the judgment, and re-try the cause.

The acquittal would operate as a bar to all further pro-
ceedings, and the party, if insane enough to ask again to be
put upon trial, would be met by the answer, that the Court
had no longer any jurisdiction over him.

I shall assume, that the Court below possessed the inhe-
rent power of awarding a new trial in this case, and that the
statute is only a limitation on the power of said Court, as to
the cases in which it may be exercised.

The 439th section of the Criminal Code reads as follows:
"A new trial is a re-examination of the issue in the same
Court, before another jury, after verdict has been given. It
places the parties in the same position as if no trial had
been had," etc., etc.

It is contended that this section is conclusive of the whole

[378]    * case.   It is, however, susceptible of another read-
ing; and one more in consonance with the humane
and enlightened spirit of the age, as well as of our juris-
prudence.

I understand it to mean the *issue in controversy,* not the one
that has been settled by the jury, and found in favor of the
defendant; and I understand the words, "placing the par-
ties in the same position that they occupied before the trial,"
as simply applying in reference to the issues undisposed of.
The section, at best, is but a crude definition of a new trial,
and by reference to the Act, it will be seen that the Legisla-
ture does not purport to give to the Courts the power of
granting new trials, as a new and distinct power, not belong-
ing to them by virtue of their original jurisdiction, but only
to limit the exercise of an acknowledged authority.

That I am correct in my construction of this section, to my
mind is evident, from the fact that the Legislature could not
have intended, where a man had been improperly convicted of
a minor offense, to subject him to the risk of being convicted
of a greater one.   If such a rule be established, no man will
subject himself to the risk of being hung for murder, when
convicted of manslaughter, and will prefer in many instances,
although innocent, to rest under the conviction than to en-
counter the danger of a second trial.  In every case where the
timid and unfriended are involved, this will be found to be the
result, and in times of high popular excitement, those who
may be bold in the consciousness of their innocence, will
hesitate before  they voluntarily assume so great a risk, and
pay so fearful a premium for the privilege of asserting that
innocence.

Again: The prisoner is either absolved from the charge of
murder, and entitled to a new trial on the charge of man-
slaughter, or he is not entitled to a new trial at all.

The Constitution of this State has provided that "no
person shall be subject to be twice put in jeopardy for the
same offense."

Now, if I am right, that a conviction for manslaughter is
an acquittal for murder, it must follow, that any law that
would compel a party to be re-tried for murder, in order to

escape * the minor offense, thereby putting the party    [379] in jeopardy, is in conflict with this provision of the Constitution.

It has been urged that the party voluntarily put himself in this jeopardy. Such is not the case. The Act, if we are to give it the construction contended for on the part of the State, takes from the party a right which he before possessed, and necessarily subjects him to a second jeopardy, if he wishes to maintain that right, or assert his innocence. This is a subjection by operation of law, and not by act of the party; and if it were otherwise, I have shown that no party can voluntarily subject himself to a second trial after an acquittal, and that the Courts have no jurisdiction over him.

These principles have been fully settled by the Supreme Courts of Mississippi and Tennessee, in the cases of *Hurt* v. *The State*, 25 Miss., and *The State* v. *Slaughter*, 6 Humph. 410.

I know of but one case in which a different rule has been held, viz: by Mr. Justice Grier, in a case before the U. S. Circuit Court in Philadelphia, in 1848.

The address of the learned Judge to the prisoners in that case, seems to have been prompted more by the feelings natural to the occasion than from a correct opinion of the law, and as it is unsupported by any authority or argument, may be considered as mere dictum.

The only difference between the cases cited from Mississippi and Tennessee, if any exist (and it does not appear from the report of those cases), is, that there were distinct and separate counts in the indictment both for murder and manslaughter, while in the present case there is but one count, and that for murder. This consideration has been urged upon the Court, and it has been ably argued, that if the prisoner cannot be retried for murder, there is no indictment on which he can be arraigned and tried for manslaughter, and therefore he must be discharged.

In the case of *Campbell* v. *The State*, 9 Yerg. 333, it was held to be error, after conviction on one count of an indictment, and an acquittal on another, to re-try the party on both counts, upon the grounds which we have already allu-

ded to. In Indiana, in the case of *The State* v.
[380]   *Morris,* 1 Blackf. 37, it was * held, that where one
count includes a greater and a less charge (*e. g.*),
burglary and larceny, and after acquittal of the greater
offense, but conviction of the lesser, a new trial is ordered,
that the whole case is re-opened, and the defendant sub-
jected on the second trial to the double charge.

I have been unable to obtain the latter case, and am,
therefore, ignorant of the reasons on which the decision was
based. Whatever they may have been, I do not see how
such a decision could be maintained on principle.

If, however, there be any well settled ground of distinction
between a case where the indictment contains several counts
and where it contains only one, that difference is obviated
by our statute, which specially provides that "the indict-
ment shall charge but one offense," and further, "the defend-
ant may be convicted of any offense, the commission of which
is necessarily included in that with which he is charged in
the indictment," etc. An indictment, by operation of law
for murder, is also an indictment for manslaughter, and
every less offense that may be included under the charge of
murder, just as much as though it were charged in distinct
and separate counts.

We are of opinion that the appellant is now liable and
should be tried for manslaughter, on the indictment already
found against him.

In regard to the last point raised by the appellant, viz:
that the District Court has no jurisdiction over the case of
the prisoner, we do not consider it worthy of serious con-
sideration, as the Legislature possessed the undoubted right
to transfer the criminal business of the Court of Sessions to
the District Court; and the 439th section of the Criminal
Code cannot be regarded as a guarantee of any right to the
prisoner to be again tried before the Court of Sessions, or as a
limitation on the power of the Legislature to change the
forum.

The judgment of the Court below is reversed and the cause
remanded, with instructions to the District Court to try the
prisoner for manslaughter, in conformity with this opinion.