[Crim. No. 266.   Third Appellate District.—October 7, 1914.]

## THE PEOPLE, Respondent, v. JOSEPHINE HORN, Appellant.

CRIMINAL LAW—CHARGE OF STATUTORY RAPE—CONVICTION OF ATTEMPT
TO COMMIT—SUFFICIENCY OF EVIDENCE.—In this prosecution for
statutory rape, alleged to have been committed upon a child of
eleven years of age by one who was aided and abetted by defendant,
it is held that the evidence was sufficient to sustain a verdict finding
the defendant guilty of an attempt to commit the crime charged.

ID.—EVIDENCE—TESTIMONY OF PROSECUTRIX AND YOUNG BROTHER—DIS-
CREPANCIES IN—CREDIBILITY OF FOR JURY TO DETERMINE.—In such
a case, although the testimony of the prosecutrix and her brother
'(who was younger than she), contained some discrepancies, it was
a matter entirely within the legal competency of the jury to deter-
mine whether, notwithstanding such discrepancies, the testimony of
those witnesses was, in the main, entitled to credit and sufficient to
generate a conviction, beyond a reasonable doubt, of the guilt of
the defendant.

ID.—TIME OF COMMISSION OF CRIME—PLEADING AND PROOF—VARIANCE
—WHEN IMMATERIAL.—In such a case, it was proper to allow evi-
dence disclosing that the crime was committed on another day than
that fixed in the information, where only one act of intercourse was
claimed to have been committed in the case.

ID.—EVIDENCE—DIFFERENT ACTS OF SEXUAL INTERCOURSE—WHEN
PEOPLE SHOULD ELECT.—While the prosecution on a charge of rape
may show that the crime described in the information was com-
mitted on some other day than that specially named or the day
in near proximity to which the criminal act occurred, where it is
claimed that several different felonious acts of sexual intercourse
have taken place on as many different days between the defendant
and the prosecutrix, it is the duty of the people, in the prosecution
of the defendant, to select some particular time at which such
act was committed and address their proof to the establishment of
the crime at such time.

ID.—INSTRUCTIONS—SUFFICIENCY OF ENTIRE CHARGE.—It is held in this
prosecution for rape that from an examination of the entire charge
it appears that the jury were fully and correctly instructed upon
all the principles of the law pertinent to the charge set forth in the
information.

ID.—LACK OF COMPLAINT OF ASSAULT BY PROSECUTRIX—INSTRUCTION
AS TO PROPERLY REFUSED.—In a prosecution for rape it was proper
for the court to reject an instruction offered, by the defendant,
which, if given, would have impressed upon the jury the importance

of the absence of proof that the prosecutrix made complaint of the assault immediately after it occurred, as such an instruction would tend to create the impression that a conviction of the crime of rape could not be legally justified where there was no proof of immediate discovery to some third party by the prosecutrix of the fact of the assault upon her person, which is not required by the law.

ID.—EVIDENCE—CORROBORATION OF PROSECUTRIX UNNECESSARY—IMMEDIATE COMPLAINT OF ASSAULT ADMISSIBLE AS CORROBORATION.—The fact that the prosecutrix in a case of rape made complaint of the assault to a third person immediately after it took place may be shown for the purpose only of corroborating her testimony of the assault; the allowance of such testimony for that purpose is an exception to the general rule against the proof of self-serving declaration, but, although such proof is allowable as corroboration, the law does not require the prosecutrix to be corroborated in order to sustain a conviction.

ID.—INSTRUCTIONS—REFUSING TO CALL JURY'S ATTENTION TO PARTICULAR EVIDENCE PROPER—EXAMINATION OF PROSECUTRIX BY DOCTORS.—There was no error in such a case in refusing to charge the jury, at defendant's request, in substance, that it was the jury's duty to consider, in connection with the absence of proof that the prosecutrix complained to others of her treatment by the defendant immediately following the assault, the testimony of the doctors who professionally examined the sexual organs of the prosecutrix for the purpose of determining whether there existed therein conditions indicating that she had been subjected to acts of sexual intercourse, where the court instructed the jury that it was their duty to consider all the admitted evidence and to be governed entirely by that evidence in solving the question of the defendant's guilt or innocence. Such an instruction is also open to the objection that it calls the jury's attention to particular evidence or the want of evidence on some particular point, which is a practice not commendable.

ID.—INSTRUCTION TO SCAN TESTIMONY OF PROSECUTRIX FOR DESIGN PROPERLY REFUSED.—In such a case, there was no error in refusing an instruction offered by defendant which was not only argumentative but would have instructed the jury that it was their duty to "scan the testimony of the prosecuting witness carefully to ascertain if she would be likely to have a design to warp her testimony to the prejudice of the defendant," and that they were at liberty to disregard her testimony, where the court fully, clearly, and correctly instructed the jury upon the general subject as to their duty and right in the matter of disposing of the testimony of the prosecutrix.

ID.—ARGUMENTATIVE INSTRUCTIONS IMPROPER.—Argumentative instructions to a jury are not permissible and should never be given.

ID.—INSTRUCTIONS—WHEN CONVICTION OF ATTEMPT ALLOWABLE.—In a prosecution for rape, there was no error in giving an instruction

to the effect that, under the evidence, the jury were authorized to find the defendant guilty of an attempt to commit rape, where there was evidence from which the jury could have concluded that, rather than the crime itself, the accused had been guilty of an attempt to commit it.

ID.—CONVICTION OF ATTEMPT—CONSTRUCTION OF SECTION 663 PENAL CODE.—Under section 663 of the Penal Code, a person prosecuted for an attempt to commit a crime, may be convicted thereof, although the evidence may show that the crime intended or attempted was perpetrated by the accused in pursuance of such attempt, "unless the court, in its discretion, discharges the jury and directs such person to be tried" for the crime itself; and there is no sound reason for holding that the principle stated in this section should not be as applicable to a case where the charge is of the crime itself and a conviction of an attempt to commit it sustainable.

ID.—MOTION FOR NEW TRIAL—MISCONDUCT OF JUROR—CONFLICTING EVIDENCE—FINDING CONCLUSIVE ON APPEAL.—In a prosecution for rape, where the evidence is conflicting on a charge made on a motion for a new trial, that one of the jurors, while the trial was in progress, during adjournments, had referred to the case in conversation with a certain person and on another occasion discussed with or expressed to another party his conception of the merits of the case and declared his intention of voting for a verdict of conviction, a finding of the trial court in favor of the people upon the question is binding upon the court on appeal.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order refusing a new trial. George D. Murray, Judge.

The facts are stated in the opinion of the court.

E. M. Frost, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant was charged by information with statutory rape, alleged to have been committed by one Orville Taggart, aided and abetted by her, upon the person of one May Bartol, in the county of Del Norte, on or about the eighth day of February, 1913, and the jury adjudged her guilty of an attempt to commit the crime so charged, and thereupon, as punishment for the crime, the court sentenced her to imprisonment for a term of four years in the state penitentiary.

This appeal is by the defendant from the judgment and the order denying her a new trial.

The information charges that, on the day above named, the defendant "did then and there willfully and unlawfully and feloniously help, aid, assist and abet, one Orville Taggart, in the perpetration and accomplishment of an act of sexual intercourse, then and there committed by the said Orville Taggart, with and upon one May Bartol, who was then and there a female under the age of sixteen years, to wit: of the age of eleven years, and not then and there the wife of the said Orville Taggart," etc.

The trial was had in the superior court of Humboldt County, the cause having been removed to said county for trial on the motion of the defendant for a change of venue.

The first point advanced and earnestly urged by the defendant is that the evidence fell so far short of justifying the verdict that it becomes necessary for this court to now hold that, as a matter of law, it is wholly insufficient to support the conclusion of the jury as thus evidenced.

We are unable, after a full and painstaking examination of the record, to assent to that proposition.

This case is one of a number growing out of substantially the same set of circumstances and of which two have hitherto been submitted to, heard, and decided by this court. (See *People* v. *Bartol*, 24 Cal. App. 659, [142 Pac. 510], and *People* v. *Hoosier*, 24 Cal. App. 746, [142 Pac. 514].)

The facts brought out in this case are substantially the same as those developed in the above mentioned cases, in both of which the evidence is given an extended review. It would involve what is conceived would be unnecessary repetition to reproduce herein in detail the testimony taken at the trial of the present case. It will be enough to say that the testimony in this case shows, as it was incidentally shown in the other cases named, that the defendant's part in the transaction was in deliberately holding the prosecutrix down while Taggart was engaged in the act either of accomplishing or of attempting to accomplish copulation with the child. For further and fuller details of the crime reference is made to the cases above referred to.

1. In the Bartol and Hoosier cases, it was vigorously argued that the testimony of the prosecutrix and that of her brother (younger than she), upon which, largely, convictions were

accomplished, was inherently untrue, because of certain inconsistencies and weaknesses appearing therein. We there held that, while there appeared in said testimony some discrepancies, it was a matter entirely within the legal competency of the jury to determine whether, notwithstanding such discrepancies, the testimony of those witnesses was, in the main, entitled to credit and sufficient to generate a conviction, beyond a reasonable doubt, of the guilt of the defendants. In this case, the same is said of the testimony of the same witnesses, and it may be conceded that said testimony is to some extent subject to the criticism so made. We can perceive no reason, however, for forming and entertaining any different view of the testimony of the prosecutrix and her brother in this case from that expressed by this court in the Bartol and Hoosier cases. As stated, the story of the prosecutrix, implicating the defendant in this case in the crime which was perpetrated upon her, is practically the same as that given by her in the other cases, and it was peculiarly a function of the jury to decide the question whether the inconsistencies developed in her testimony were sufficient to impeach the integrity of her declaration that Taggart, aided and assisted by Josie Horn, committed an act of sexual intercourse with and upon her person at the time specified in the information.

2. It was proper, under the information, to allow evidence disclosing that the crime was committed on another day than that fixed in said pleading. The complaint is, in effect, that, because the information states that the offense charged was committed on the eighth day of February, 1913, and the proof shows that it was committed on the thirteenth day of said month, there is a fatal variance between the pleading and proof in that regard, or that a different crime from that alleged was proved.

The information declares, as seen, that the crime charged was committed "on or about the 8th day of February, 1913," and "before the filing of this information." Time is not of the essence of the crime of rape and, under the allegations of the information as to time, it was competent for the people to show that the crime described in the information was committed on some other day than that specially named as the day in near proximity to which the criminal act occurred. Of course, where, in a rape case, it is claimed that several different felonious acts of sexual intercourse have taken place on

as many different days between the defendant and the prosecutrix, it is the duty of the people, in the prosecution of the defendant, to select some particular time at which such act was committed and address their proof to the establishment of the crime at such time. This course is necessary in order that the accused may be informed of the particular criminal act against which he will be required to defend himself, and it is the course pursued by the district attorney in this case. In fact, we do not understand that more than one act of intercourse is claimed to have been committed in this case.

3. The action of the court in the giving and the refusal to give certain instructions is assailed. The assignments under this head are so numerous that we feel compelled to refrain from attempting to give each special notice. Indeed, we do not think it is necessary to do so.

A careful examination of the entire charge of the court has convinced us that thereby the jury were fully and correctly instructed upon all the principles of the law pertinent to the charge set forth in the information. Some of the instructions which were requested by the defendant and disallowed by the court in effect involved instructions upon the facts, and hence were properly refused. For example, it is claimed that the court committed serious error by rejecting the instruction, proposed by the defendant, which would, if given, have impressed upon the jury the importance of the absence of proof that the prosecutrix made complaint of the assault immediately after it occurred. The impression which a jury would likely receive from such an instruction would be that a conviction of the crime of rape could not be legally justified where there was no proof of immediate discovery to some third party by the prosecutrix of the fact of the assault upon her person —that is to say, that the guilt of the accused could not be established beyond a reasonable doubt in the absence of proof of that fact. Of course, such an impression of the law would be obviously unsound and untenable. The fact that the prosecutrix in a case of rape might have made complaint of the assault to a third person immediately after it took place may be shown for the purpose only of corroborating her testimony of the assault. The allowance of such testimony for that purpose is an exception to the general rule against the proof of self-serving declarations. But, although the prosecutrix in this case was in a measure corroborated by the testimony of

her brother, Robert, it is not necessary, to justify and sustain
a verdict of guilty of the crime of rape, that the prosecutrix
should be corroborated, and whether there has or has not been
such corroboration of any character in any case where the law
does not expressly require it, is a matter upon which argument
may be addressed by counsel to the jury, but upon which the
court cannot instruct the jury without verging very closely
upon the domain of fact.

The case of *People* v. *Hamilton*, 46 Cal. 540, cited by the
defendant, does not hold that it is the duty of the court to read
to the jury such an instruction as the one under consideration
here.   The reversal in that case was grounded upon the fact
that the prosecutrix, under the age of thirteen years when the
alleged crime of rape was committed upon her, was the only
witness to the alleged assault and that her story was of such
questionable verity as to have justly created a reasonable
doubt in the minds of reasonable men of the defendant's guilt.
She had testified that she made no outcry at the time of the
assault or made the fact of the assault known to any person
until two years after it was committed, that she suffered or
complained of no bodily pain and admitted that no flow of
blood followed the alleged outrage.   Under this testimony, the
court said, and which was all that it decided in that case, that
"it is almost inconceivable that a jury, free from passion or
prejudice, would not, at least, have entertained a reasonable
doubt as to the guilt of the defendant."

4. The court properly refused to allow the defendant's in-
struction No. 10, whereby the jury would have been told that
it was their duty to consider, in connection with the absence
of proof that the prosecutrix complained to others of her
treatment by the defendant immediately following the assault,
the testimony of the doctors who professionally examined the
sexual organs of the prosecutrix for the purpose of determin-
ing whether there existed therein conditions indicating that she
had been subjected to acts of sexual intercourse.   The court,
in its charge, instructed the jury that it was their duty to
consider all the admitted evidence and to be governed entirely
by that evidence in solving the question of the guilt or inno-
cence of the accused, and even if the practice of pointing out
and thus calling the jury's attention to particular evidence
or the want of evidence on some particular point in the charge
of the court to the jury were to be commended (and, as a rule,

it certainly is not), the general instructions sufficiently covered the proposition sought to be given to the jury through the rejected instruction, and, therefore, in any event, its disallowance cannot be denominated prejudicial error.

5. The defendant's refused instruction No. 11 is not only argumentative, but would have instructed the jury that it was their duty to "scan the testimony of the prosecuting witness carefully to ascertain if she would be likely to have a design to warp her testimony to the prejudice of the defendant," and that they were at liberty to disregard her testimony. Argumentative instructions are not permissible and should never be given. As to the duty and right of the jury in the matter of disposing of the testimony of the prosecutrix or as to how they should act thereon, it is to be said that the court's charge contained such full, clear, and correct information upon the general subject of their duty with respect to the evidence that the jury could not have misapprehended the extent of their discretion in the matter of determining the credence and weight to which it was entitled. The instruction was properly disallowed.

The court refused and gave in modified form other instructions proposed by the defendant, and error in such action is assigned. We have examined these assignments carefully, and are upon such examination persuaded to say generally that, as to the instructions refused, they were either objectionable because they involved erroneous statements of the law or unnecessary because the principles therein stated were covered and fully declared in the general charge of the court. Nor do we perceive any error in the action of the court in modifying the instructions proposed by the defendant and, as so modified, given to the jury.

6. Objection is, however, seriously urged against the given instruction telling the jury that, under the evidence, they were authorized to find the defendant guilty of an attempt to commit rape. The defendant contends that such instruction was not only erroneous but that the verdict cannot, as a matter of law, be upheld, because, so it is argued, the evidence, if it shows the commission of any crime at all, discloses that the crime of rape itself was committed, and that where the proofs show that the crime of rape itself has been in fact committed, a verdict finding the accused guilty of an attempt to commit said crime is not sustainable.

In support of that proposition, counsel cite the case of the
*State* v. *Mitchell,* 54 Kan. 516, [38 Pac. 810]. In that case,
the defendant, who was charged with the crime of rape, was
convicted of the crime of an attempt to commit rape upon the
testimony alone of the prosecutrix, who positively testified that
the defendant forcibly ravished her while they were traveling
together in a buggy. The case was reversed for the reason, so
it was stated, that the verdict was predicated upon the discred-
ited testimony of the prosecutrix, the court saying *inter alia:*
"There is no other testimony in this case of any fact or cir-
cumstance, or of any act or declaration of the defendant, which
is inconsistent with his entire innocence of any offense. The
conviction, therefore, rests solely on the testimony of a witness
whom the jury by their verdict have discredited and disbelieved
as to the most important fact stated by her on the witness
stand, and the fact concerning which, above all others, she
could not possibly be mistaken. This court will not uphold
a judgment resting for its only support on such a foundation.
Section 418 of chapter 31 of the General Statutes of 1889, con-
cerning crimes and punishments, provides: 'No person shall be
convicted of an assault with intent to commit a crime, or of
any other attempt to commit any offense, when it shall appear
that the crime intended or the offense attempted was perpe-
trated by such person at the time of such assault, or in pur-
suance of such attempt.' If this witness told the truth, the
section of the statute above quoted has been disregarded. If
she was unworthy of belief, the jury should have acquitted
altogether."

The above case is not in point here for two reasons, viz.:
1. The testimony of the doctors, so far as we are able to judge
it, was sufficient to create considerable doubt—perhaps, a rea-
sonable one—upon the question whether Taggart actually ac-
complished penetration of the private parts of the prosecutrix.
Some doubt would also seem to have arisen from the testimony
of the brother of the prosecuting witness as to whether actual
penetration was accomplished. We may, therefore, assume
that the jury, while convinced that Taggart, aided by the de-
fendant, got the little girl down on the bed and pulled up her
clothes and thereupon, with his pantaloons unbuttoned, got
on top of her, entertained a reasonable doubt, from the testi-
mony of the doctors and Robert Bartol, as to whether he suc-
ceeded in inserting his privates into those of the prosecutrix.

In the Kansas case, it will be kept in mind that there was no testimony showing or tending to show any other crime than that of rape. 2. Our Penal Code (sec. 1159), unlike and, indeed, the very reverse of the Kansas law upon the subject, provides: "The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense." And, under our law (Pen. Code, sec. 663), a person prosecuted for an attempt to commit a crime, may be convicted thereof, although the evidence may show that the crime intended or attempted was perpetrated by the accused in pursuance of such attempt, "unless the court, in its discretion, discharges the jury and directs such person to be tried" for the crime itself. This section is evidently the outgrowth of the well-conceived theory, the crystallization of which into practical application can manifestly result only in a convenient and at the same time just administration of the criminal law, that a charge of crime in an indictment or information necessarily includes the charge of an attempt to commit such crime and that evidence of its perpetration necessarily involves evidence of an attempt to perpetrate it, for it is not conceivable that any crime can be committed in the absence of an attempt to commit it. There must be a starting point in the actual commission of crime and obviously such starting point is the attempt. The actual commission of the crime is, in brief, the execution of the attempt. We can, therefore, perceive no sound reason for holding that the principle stated in section 663 of the Penal Code should not as well be applicable in a case where the charge is of the crime itself and thus a conviction of an attempt to commit it sustainable. But, as before suggested, it is certainly applicable in such a case where there is, as here, evidence from which the jury could have concluded that, rather than the crime itself, the accused has been guilty of an attempt to commit it.

7. It is lastly contended that the defendant's motion for a new trial should have been granted on the ground of the alleged misconduct of one of the jurors during the progress of the trial.

The showing upon this point by the defendant tended to the establishment of the fact that juror Sutherland, had, while the trial of the cause was still in progress, and during the adjournments of the court, referred to the case in a conversation with

one Colcord and on another occasion discussed with or expressed to one Sample his conception of the merits of the case and declared his intention of voting for a verdict of conviction. The juror filed a counter affidavit, in which he declared that he had no such conversations with Colcord and Sample as were testified to by them, and that at no time did he express any opinion upon the question of the guilt or innocence of the defendant or state to Sample that he intended to vote to convict the accused.

Other affidavits were filed in which the affiants deposed that the general reputation of juror Sutherland for honesty, honor, and integrity in Humboldt County was of the very best.

Without discussing the question whether the verdict of a jury may be impeached in the manner attempted here, it is enough to say that there exists in the evidence a conflict upon the question whether the juror demeaned himself in the manner imputed to him by the affidavits and testimony presented by the defendant and that the finding of the trial court in favor of the people upon that question is, therefore, binding upon this court.

We have now considered and noticed all the points pressed upon us for a reversal which, after a circumspect examination of the record, we have conceived to be entitled to special attention, and have thus encountered no just reason calling for a disturbance of the result reached by the jury or the action of the court in denying the defendant's motion for a new trial.

The judgment and the order appealed from are, accordingly, affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal was denied by the supreme court on December 5, 1914.