[Crim. No. 2903. In Bank.—October 11, 1926.]

## THE PEOPLE, etc., Respondent, v. JADE VANDERBILT, Appellant.

[1] CRIMINAL LAW — SODOMY — CONTRIBUTING TO DELINQUENCY OF MINOR—CONSISTENCY OF VERDICT.—In a prosecution in which the defendant was accused in the first count of the indictment with the crime of sodomy, in the second count with contributing to the delinquency of a minor and in the third of an attempt to commit sodomy, all of the acts being charged in connection with the same minor, a verdict of acquittal on the first charge and conviction on the second and third charges is not inconsistent.

[2] ID.—ATTEMPT TO COMMIT CRIME.—Every completed crime necessarily involves an attempt to commit it.

[3] ID.—CONVICTION OF ATTEMPT TO COMMIT CRIME.—Under the statute of this state, a person charged with the infamous crime against nature may be convicted of an attempt to commit that crime, though he be not specifically charged with such attempt, as the lesser offense is necessarily included within the greater and completed offense.

[4] ID.—CONVICTION OF LESSER OFFENSE.—If there be evidence sufficient to support a verdict finding an accused person guilty of the lesser offense which is included within the offense charged against

---

2.   See 7 Cal. Jur. 875.

3.   See 23 Cal. Jur. 398.

4.   See 8 Cal. Jur. 563.

him, he may be found guilty of such lesser and included offense, notwithstanding the evidence shows that he is guilty of the greater and including offense instead of the lesser offense.

[5] ID.—ATTEMPT TO COMMIT SODOMY—CONTRIBUTING TO DELINQUENCY OF MINOR—CONSISTENCY OF VERDICT.—In such a case, where the jury found the appellant guilty of an attempt to commit sodomy upon the person of a minor, this was sufficient to establish his guilt of contributing to the minor's delinquency, and the verdict of guilty on each of said counts was not inconsistent with the verdict acquitting him of the charge of sodomy.

[6] ID.—JUDGMENT—PUNISHMENT.—In such a case, where the judgment imposed upon count two was imprisonment in the county jail for two years and on count three confinement in the state's prison for the term prescribed by law, conceding that defendant was found guilty of two crimes arising out of the same facts, he was not prejudiced thereby where the sentences were made to run concurrently.

---

(1) 16 C. J., p. 1108, n. 37.    (2) 16 C.. J., p. 113, n. 17.    (3) 16 C. J., p. 271, n. 12; 31 C. J., p. 859, n. 15, p. 861, n. 59.    (4) 16 C. J., p. 1108, n. 37.    (5) 16 C. J., p. 1108, n. 37.    (6) 17 C. J., p. 356, n. 22.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

Shreve, Green & Shreve, George H. Shreve and Cooper, Collings & Shreve for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Chester C. Kempley, District Attorney, for Respondent.

CURTIS, J.—Appellant was charged in count one of the information with the crime of sodomy committed upon the person of a minor, a boy nine years of age; in count two, with contributing to the delinquency of said minor by committing sodomy upon said minor's person and in the third count of an attempt to commit sodomy upon said minor. The jury before whom he was tried acquitted him under the first count and found him guilty of the crime charged in the

second and third counts, respectively. The judgment of the court was that the defendant be confined in the county jail for the term of two years upon the verdict of the jury finding him guilty as charged in count two and that he be confined in the state's prison for the term prescribed by law upon the verdict finding him guilty of the crime charged in count three of the information. The sentences were made to run concurrently. From this judgment and the order denying his motion for a new trial the defendant appeals.

Appellant contends that the verdicts under the second and third counts of the information are inconsistent with that rendered under the first count. In other words, it is the appellant's contention that the verdict acquitting him of the crime of sodomy purged him of the charge of contributing to the delinquency of said minor and of an attempt to commit the crime of sodomy.

This cause was first appealed to the district court of appeal, second district, and a decision was rendered therein by the second division of said court, from which a hearing was asked and granted by this court. We think the contention of appellant in so far as it relates to the verdicts under counts one and three of the information and the claim that they are inconsistent with each other is conclusively answered by Mr. Justice Finlayson in a dissenting opinion written by him when said cause was before the district court of appeal. This opinion, with slight modifications, we approve, and adopt the same as expressing our views upon the questions therein considered. The changes made therein by us are shown by the words inclosed in brackets. Said opinion, as modified, is as follows:

[1] "If there be any inconsistency between the verdict of acquittal under the first count and the verdict of guilty under the third, it is not one which appears upon the face of those two verdicts. This must be so, since there is no reason in the nature of things why a defendant may not be guilty of an attempt to commit a crime without being guilty of the crime attempted to be perpetrated. [2] It is not disputed, nor could it well be disputed, that, as an abstract proposition, every completed crime necessarily involves an attempt to commit it. As was said by Mr. Justice Hart in *People* v. *Horn*, 25 Cal. App. 583, 592 [114 Pac. 641, 645], 'it is not conceivable that any crime can be committed in the absence

of an attempt to commit it. There must be a starting point in the actual commission of the crime, and obviously such starting point is the attempt.'

"Though no repugnance appears upon the face of the two verdicts, it is said that a fatal inconsistency between the verdicts under the first and third counts appears when those verdicts are considered in the light of the evidence. The position taken in the majority opinion is substantially this: The evidence shows beyond all question that if appellant is not guilty of sodomy, as charged in count one, he is not guilty of an attempt to commit that offense, as charged in count three; wherefore it is argued that there is a fatal inconsistency between the verdict acquitting appellant of the charge of sodomy and the verdict which convicts him of the crime of attempting to commit sodomy.

" [It will be conceded that the evidence discloses that appellant was guilty of the crime of sodomy instead of an attempt to commit sodomy.] But does it therefore follow that the two verdicts are fatally inconsistent with one another? There can, I think, be no question but that, even with the evidence as it is, a verdict finding appellant guilty of an attempt to commit sodomy would have been perfectly proper if the third count had been entirely omitted from the information and appellant had been charged only with the substantive crime of sodomy as set forth in count one. This conclusion seems to be justified by the following well-established principles. **[3]** 1. Under the statutes of this state a person charged with the infamous crime against nature may be convicted of an attempt to commit that crime, though he be not specifically charged with such attempt. (Pen. Code, secs. 663 and 1159; *People* v. *Oates,* 142 Cal. 12 [75 Pac. 337]. See, also, *People* v. *Horn, supra.*) 2. If the offense of sodomy be committed, an attempt to commit it—a lesser crime—is necessarily included within the greater and completed offense. (*People* v. *Horn, supra; People* v. *Parker* (Cal. App.), 241 Pac. 401; 22 Cal. Jur. 366.) **[4]** 3. If there be evidence sufficient to support a verdict finding an accused person guilty of a lesser offense which is included within the offense charged against him, he may be found guilty of such lesser and included offense, notwithstanding the evidence shows that [he is guilty of the greater and including offense instead of the lesser offense]. (*People* v. *Muhlner,*

115 Cal. 303 [47 Pac. 128]. See, also, *People* v. *Coulter,* 145 Cal. 66 [78 Pac. 348] , *People* v. *Dong Pok Yip,* 164 Cal. 143, 148 [123 Pac. 1031], and *People* v. *Hamilton,* 49 Cal. App. 30, 38 [192 Pac. 467].) The reason for this last rule is that a defendant cannot complain where the determination of his case was more favorable to him than the evidence warranted. (*People* v. *Hamilton, supra; People* v. *Edwards,* 72 Cal. App. 102 [236 Pac. 944].)

"If, then, a verdict finding appellant guilty of the attempt would have been upheld provided the crime of sodomy only had been charged—and this notwithstanding the fact that the evidence shows that [he was guilty of the greater crime instead of the lesser]—upon what theory can it be said that because the information charges, in two counts, both sodomy and an attempt to commit that crime, the verdict finding appellant guilty of the lesser offense cannot stand for the reason that it is inconsistent with the verdict acquitting him of the greater offense? By what magic does the presence of two counts, in lieu of only one, work such an extravagant difference in result? Is it because, by pleading the including and the included crimes separately in two counts, the jury was afforded an opportunity *expressly* to acquit appellant of the major offense? That, in the final analysis, whether it be expressly so stated or not, is the essence of the argument pursued in the majority opinion. The idea permeating that opinion is that because appellant has been *directly* and *expressly* acquitted of the crime of sodomy he cannot be convicted of the included crime of an attempt to commit sodomy, where, as here, the evidence shows that he [is guilty of the major offense instead of the lesser].

"Does the mere fact that appellant has been *expressly* acquitted of the major crime afford a rational basis for the claim that the verdict convicting him of the lesser crime is inconsistent with the one acquitting him of the greater offense? I think not. If there had been but one crime charged in the information, and that the major crime, i. e., sodomy, and if appellant, under that sole charge, had been convicted of the lesser crime of attempting to commit sodomy, he just as effectually would have been acquitted of the greater offense as he has been acquitted of it by the express verdict of acquittal rendered under count one. (*People* v. *Gilmore,* 4 Cal. 376 . [60 Am. Dec. 620] ; *People* v.

*Gordon,* 99 Cal. 227 [33 Pac. 901]; *People* v. *McDaniels,*
137 Cal. 192, 194 [92 Am. St. Rep. 81, 59 L. R. A. 578, 69
Pac. 1006, 1007]; *People* v. *McFarlane,* 138 Cal. 481, 484
[61 L. R. A. 245, 71 Pac. 568, 72 Pac. 48]; *People* v. *Dong
Pok Yip, supra;* 16 C. J., p. 271.) Says the court in the
McDaniels case: 'It is well settled that a conviction of a
lower offense embraced in a higher one, for the commission
of which a defendant was tried, is an acquittal of the higher
offense.' Though the jury in such cases does not expressly
acquit the accused of the higher or including offense, it does
acquit him of it indirectly, i. e., he is acquitted of it by
operation of law. 'The plea and proof were that he (de-
fendant) had been convicted of the offense of manslaughter,
by virtue of which the law acquitted him of the higher
offense.' (*People* v. *McFarlane, supra.*) In the Gilmore
case the court says: 'A conviction of manslaughter is an
acquittal of the charge of murder, and the verdict, though
general in its terms, must, *by legal operation,* amount to an
acquittal of every high offense charged in the indictment
than the particular one of which the prisoner is found
guilty.' (Italics mine.) In *People* v. *Dong Pok Yip, supra,*
the defendant was tried upon a charge of assault with intent
to commit the infamous crime against nature and was con-
victed of simple assault. There the court uses this language:
'Where the evidence clearly would support a verdict for a
higher offense, the conviction of a lesser crime necessarily
included therein will not be set aside. (*People* v. *Muhlner,*
115 Cal. 303, 306 [47 Pac. 128].) The only *acquittal* in this
case was the major crime charged.' (Italics mine.) The
decisions in other states are to the same effect. In *Cates* v.
*Commonwealth,* 111 Va. 837 [44 L. R. A. (N. S.) 1047, 69
S. E. 520], the accused was indicted and tried for rape. On
the first trial he was found guilty of an attempt to commit
the offense charged. He moved for a new trial, which was
granted. On the retrial, over his objection, he was tried
for rape and was found guilty of that crime. The Virginia
supreme court, in reversing the judgment, said that 'where
there is but one count in an indictment, and on that the
accused may be convicted of one of several offenses which
are covered by the indictment, the verdict of the jury finding
the accused guilty of one of the offenses charged is a verdict
of acquittal of all the others of a higher grade of offense.'

See, also, 27 Ruling Case Law, page 857, where the author
says: 'The action of the jury in returning a verdict of guilty
on some only of the counts charged, being silent as to others,
is equivalent to an acquittal on those not mentioned.' In
*Hurt* v. *State,* 25 Miss. 378 [59 Am. Dec. 225], from which
our Supreme Court quotes in *People* v. *Gilmore, supra,* the
Mississippi court, addressing itself to a situation where the
accused had been charged with a greater offense and found
guilty of a lesser one, says: 'The jury in such a case, in con-
templation of law, render two verdicts: the one acquitting
him of the higher crime; the other convicting him of the
inferior.' So here, if there had been but one charge in the
information, and that a charge of sodomy, and if a verdict
had been returned finding appellant guilty of only an at-
tempt to commit sodomy, the jury, in contemplation of law,
would have rendered two verdicts; one acquitting appellant
of sodomy; the other convicting him of the inferior crime
of attempting to commit sodomy.

"The conclusion at which I have arrived cannot be over-
come upon the theory that one charged with a single offense,
in which a lesser offense is included, and who is convicted of
the lesser offense, has only been put in jeopardy for the
greater offense and has not been acquitted of it. As was
said by the Mississippi court in *Hurt* v. *State, supra:* 'The
verdict of manslaughter (the charge was murder) is as
much an acquittal of the charge of murder *as a verdict pro-
nouncing his entire innocence would be.*' (Italics mine.)
But we need not go so far from home to find even more
persuasive authority for holding that in such cases the
accused not only has been put in jeopardy for the major
offense, but has been acquitted of it. In *People* v. *Gordon,
supra,* the defendant was charged with an assault with intent
to commit murder. He pleaded not guilty. On his first
trial he was found guilty of an assault with a deadly
weapon. On appeal the judgment was reversed. When the
case again was called for trial he entered two additional
pleas: (1) former acquittal of the major offense and (2)
once in jeopardy for that offense. The trial court erro-
neously instructed the jury to find for the People on both of
these pleas. If the plea of 'once in jeopardy,' rather than
that of 'former acquittal,' was the proper one, a more
opportune situation for saying so could hardly have pre-

sented itself. And yet we find our Supreme Court using this language in that case: 'It is also settled law that when one is charged with an offense which includes another offense of lower grade, and is regularly tried and found guilty only of the lesser offense, the verdict operates as an *acquittal* of the offense charged.' (Italics mine.)

"In the light of the foregoing it seems clear to me that had appellant been charged with the major offense only, and had he been convicted of an attempt to commit that offense, he would in effect have been acquitted of the greater and including crime. He would not have been merely put in jeopardy for the major offense; he would have been acquitted of it. I find no hint in the decisions of our Supreme Court, or in the decisions of the courts of sister states, to warrant the theory that an accused person, charged only with the greater crime and convicted of the lesser offense, has only been put in jeopardy for the major offense and has not been acquitted of it. On the contrary, all the decisions to which my attention has been called treat such a situation as one involving an acquittal of the accused on the major offense.

"If appellant had been charged only with sodomy, and if, as is held in the cases cited by me, a verdict finding him guilty of the lesser and included crime of attempting to commit sodomy would have withstood an attack based upon the charge of inconsistency and this notwithstanding the nature of the evidence in this case and notwithstanding the fact that such a verdict would have amounted to an acquittal of the greater offense, then by what process of reasoning can it be said that a verdict finding appellant guilty of the lesser offense may not stand where, as here, the greater and the lesser offenses have been separately charged and there has been an express acquittal of the greater crime? Does the direct verdict of acquittal of the major offense, expressly rendered in this case, possess some subtle potency which would not have been possessed by an indirect and implied verdict of acquittal on the major offense, had that offense alone been charged? I confess I am unable to see any sound reason to differentiate an express from an implied acquittal. Each must have the same force and effect. And if the two are equally effective, then, under the principles announced in the cases cited by me *supra*, it must follow as an inevitable

conclusion, the nature of the evidence in this case notwithstanding, that there is no inherent repugnancy between the verdict acquitting appellant of the larger and including offense and the one which convicts him of the lesser and included crime.''

As to the contention that the verdict under the first count is inconsistent with the verdict rendered under the second count of the information, we think this also is without merit. It is true that by the verdict under the first count appellant was acquitted of the charge of sodomy and this same charge of sodomy was made the basis of the charge contributing to the delinquency of said minor. Had the verdict stopped there the contention of appellant might be well taken. But as we have already seen, the verdict went further and found appellant guilty of an attempt to commit the crime of sodomy. We have further seen that the verdict acquitting the appellant of sodomy is not inconsistent with the verdict finding him guilty of an attempt to commit the same crime and that the acquittal of the greater offense is not an acquittal of the lesser included therein where the jury expressly found appellant guilty of the lesser crime. Had the appellant been charged simply with the crime of contributing to the delinquency of a minor by committing sodomy upon his person and had the evidence failed to show that he had committed the completed act, but, on the other hand, that he had attempted to commit such act, there would be no question in our opinion but that such evidence would not only be admissible under an information charging the crime of contributing to the delinquency of a minor by the commission of sodomy upon his person, but that it would be sufficient to support a verdict finding the accused guilty as charged in such information. In order to justify such a verdict it would not be necessary to prove all the acts that are alleged in the information, but only such acts which are either alleged in the information directly, or which are impliedly alleged therein by reason of the fact that they are necessarily included in the acts which are directly alleged, and which in themselves are sufficient to prove the act of contributing to the minor's delinquency. [5] In the present action, therefore, when the jury found the appellant guilty of an attempt to commit sodomy upon the person of a minor, the facts thus found were sufficient to establish

his guilt of contributing to the minor's delinquency, and such verdict was, under the circumstances under which it was rendered, not inconsistent with the verdict acquitting him of sodomy. The case before us differs in a marked degree from the case of *People* v. *Andursky* (Cal. App.), 241 Pac. 591, wherein the defendant was charged in one count with the crime of rape upon a female minor and in a second count with contributing to the delinquency of said minor by committing rape upon her. The jury found him guilty of rape but not guilty of contributing to the delinquency of said minor. It was held by the district court of appeal that the verdicts were inconsistent and the order granting a new trial was affirmed. It was so held for the reason that by the verdict acquitting the defendant of the crime of contributing to the delinquency of a minor he was acquitted not only of said crime but of all offenses included therein. He was accordingly acquitted of every act of which he was charged and which went to make up the charge of contributing to the minor's delinquency. In the present action, as we have already seen, the jury, while acquitting the appellant of the greater offense, expressly found him guilty of the lesser offense included therein, namely, of an attempt to commit sodomy, which offense was of itself of such a character that its commission tended to contribute to the minor's delinquency. There is not only no inconsistency between the verdicts under counts one and two of the indictment, but they are in our opinion in perfect harmony.

[6] The further claim is made by appellant that by the two verdicts and judgments pronounced thereon he is found guilty of and punished for two separate and distinct crimes growing out of the same state of facts or out of the same act. Conceding that the appellant has been found guilty of two crimes arising out of the same state of facts, we are not prepared to say that the judgment should be reversed for this reason in view of the fact that the sentences were made to run concurrently. The punishment imposed by the judgment against appellant under count two of the information was imprisonment in the county jail for a period of two years and the punishment fixed by the statute for attempt to commit sodomy is imprisonment in the state's prison for a term not exceeding twenty years. "It has uniformly been held that the indeterminate sentence is

in legal effect a sentence for the maximum term." (*In re Lee*, 177 Cal. 690, 693 [171 Pac. 958, 959].) The maximum punishment, therefore, which appellant might suffer under this judgment cannot exceed twenty years. Had he been convicted simply of an attempt to commit sodomy the term of imprisonment could not have been less than that fixed by the court as punishment for the two crimes. The judgment, therefore, if erroneous, is not prejudicially so.

The other objections to the judgment raised by appellant have been considered by us. We find nothing in them that would justify a reversal of the judgment nor a detailed discussion of their asserted merits.

The judgment and order denying appellant's motion for a new trial are affirmed.

Richards, J., Waste, C. J., and Seawell, J., concurred.