[Crim. No. 1573.   Second  Appellate  District,  Division  Two.—March 16, 1928.]

THE  PEOPLE,  Respondent,  v.  H.  J.  KIMMERLE,  Appellant.

Howell Richardson and S. W. Odell for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant was charged in an information filed by the district attorney with two offenses, the first count alleging the crime of assault by means or force likely to produce great bodily injury, and the second count charging the offense of mayhem. The jury returned a verdict of not guilty of mayhem and found the defendant guilty of the offense first charged. This appeal is prosecuted by defendant from the judgment pronounced upon the verdict and from the order denying his motion for a new trial.

The first count details that the defendant "did wilfully, unlawfully and feloniously and forcibly strike, beat and bruise one Arthur M. Loeb about and upon the eye and head of him, the said Arthur M. Loeb, with the fists and hands of him, the said H. J. Kimmerle, with all the force and violence that he, the said defendant, was then and there able to exercise and which said striking and beating and bruising did then and there cause a fracture of the left cheek bone of the said Arthur M. Loeb, together with other grievous bodily injuries, and which said striking, beating and bruising was by means likely to and did produce great bodily injury to the said Arthur M. Loeb." Count two charges that the defendant committed the crime of mayhem by putting out the eye of Arthur M. Loeb.

The appellant first assails the judgment upon the ground that the verdict of not guilty of the offense of mayhem was an acquittal of every element of the crime charged in the first count except simple assault and battery. The evidence established the fracture of the left malar bone at or near its juncture with the frontal bone, and that the

sight of the left eye was so impaired that with its sole use Loeb could faintly discern light, and the physicians advised its removal. There was testimony that in his effort to get out of the office in which the assault was committed Loeb ran into the jamb of the door. From this counsel argue that the jury must have found that the fracture and the injury to the eye were occasioned by collision with the door and not by being forcibly and violently beaten with the fists of appellant. They also add to this by the argument that inasmuch as Loeb was seated at a desk with his right side toward the appellant as appellant approached him from another room, that appellant could not have struck him on the left side of the face (the side on which the fracture occurred). However, there was substantial testimony by non-participants in the altercation to the following effect: that Loeb came from what may be called the private office and seated himself at a desk in the outer office, almost immediately followed by the appellant, to whom Loeb was saying, "I don't know who you are and I won't take orders from you"; that the appellant then stated to Loeb: "I will show you who I am" and struck him in the face with his fist several times; that he then picked Loeb up and threw him six or seven feet over a railing which divided this outer office; that when Loeb was getting up from where he was thrown blood was streaming from the left side of his face; that Loeb ran out of the door with appellant after him, telling him, "To get the hell out of the building and stay out."

There is much apparent force in appellant's argument arising from the fact that it is difficult to understand why the appellant was acquitted of the offense of mayhem except that the jury believed that he had collided with the door and thus injured the eye. However, that is not the only basis upon which they may have acquitted him. They may, for example, have entertained a reasonable doubt concerning the total loss of the use of the eye, even though the physicians had advised its removal. It may conceivably have arisen from the testimony of the physicians that "he saw light" and from the testimony of one of them as follows: "I would hold my finger in front of his eye and he could not tell whether it was one or two or three fingers." It may also have arisen from the fact that he was still under treat-

ment or from the jury's own observation of the eye, from which during the course of the trial the covering was removed in order that the jury might inspect it. They may have believed the testimony that Loeb was thrown six or seven feet over a railing and marveled that he was not more seriously injured or may have drawn other justifiable deductions. These are recited for the purpose of illustrating the fact that the two verdicts are not necessarily inconsistent with each other. The one involves the loss of the eye, the other involves the use of force or means likely to produce great bodily injury, or, to phrase it differently, great danger to the eye or other portions of the body. Unless the two verdicts are necessarily inconsistent, and they were not in this instance, it cannot be said that the acquittal on the one count is an acquittal on the other. (*People* v. *Day,* 199 Cal. 78 [248 Pac. 250] ; *People* v. *Vanderbilt,* 199 Cal. 465 [249 Pac. 867].) We may also say under these authorities that there being an element present in the offense of mayhem which is not necessarily involved in the offense charged in the first count, that acquittal of mayhem is not an acquittal of every offense except simple assault and battery.

With respect to the argument that Loeb was seated at a desk with his right side toward the appellant, it must be said that it relates to the weight of the testimony and therefore falls within the exclusive province of the jury. In this connection, however, we might be thought lacking in perception if we did not call attention to the testimony of appellant as follows: ''I grabbed him this way and pulled him in toward me and struck him with my right back of the left ear.''

Counsel also advance the proposition of law as a part of the groundwork for the first argument that inasmuch as appellant used nothing except his hands and possibly his knee upon the person of Loeb, that he could not be guilty of assault by means or force likely to produce great bodily injury. This same contention was before the supreme court on objection to an information almost identical in words to the one in question here in the case of *People* v. *Hinshaw,* 194 Cal. 1 [227 Pac. 156]. Counsel in that case relied upon the same authorities as appellant here. The language there is so apt that we quote: ''The pleading here, by way of describing the means employed and the force used and where the force was directed, alleges that the assault was made

with the fists and hands upon the head and face and that the result was a fractured jaw and other grievous injuries. Such allegations under the circumstances of this case describe both the means employed and the force used which we think meet the language of the statute—'by any means or force likely to produce great bodily injury' and are 'not the details of probative matter or particulars of evidence by which these material elements are to be established.' Pomeroy's Code Remedies (4th ed.), p. 555.''

The second ground assigned by appellant as a reason for a reversal of the judgment and order, to wit: ''The two counts of the information state precisely the same offense, and the acquittal on either count must necessarily be deemed an acquittal on the other count'' approximates so nearly a restatement of the first question discussed in this opinion that it is unnecessary to elaborate thereon other than to say that the information was drawn, as will be readily observed by reference to the part already quoted, with particular care to differentiate the two offenses as they are differentiated by statute.

Complaint is made of the action of the court in refusing to give several instructions requested by the defendant. It is sufficient to say that we have examined each one of them, and of all it may be said that they were either pertinent to the offense of mayhem of which appellant was acquitted, and of which he may not therefore complain, or were sufficiently covered by instructions given.

The appellant complains that he was sentenced to two years in the county jail, saying that such punishment is unreasonable and excessive. This argument is based upon the theory which runs through all of the argument of appellant, that he was only guilty of assault and battery. However, having been properly convicted under section 245 of the Penal Code of an assault by means or force likely to produce great bodily injury, the punishment for which is ''imprisonment in the state penitentiary, or in the county jail, not exceeding ten years, or by fine not exceeding $5,000.00 or by both'' it is self-evident that appellant may not complain of the penalty imposed by the court.

Judgment and order affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 14, 1928.

All the Justices concurred.