[Crim. No. 1738. Second Appellate District, Division Two.—February 20, 1929.]

THE PEOPLE, Respondent, v. ARTHUR CLENSEY et al., Appellants.

Buel R. Wood for Appellants.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

THOMPSON (IRA F.), J.—An indictment was returned by the grand jury of Los Angeles County charging the defendants Arthur Clensey, William Woods, Horace Miles, Walter Bucan, Carol Morris, Stewart Jones, Malcolm Jones, Julius Becker, H. L. Cokes, and Charles Swafford in count one thereof with the crime of criminal conspiracy to commit robbery and in court two with the offense of robbery. The defendants Bucan, Morris, and Stewart Jones were not apprehended. During the trial, count one of the indictment was dismissed as to the defendants Cokes and Swafford. Count two was dismissed as to the defendant Malcolm Jones at the conclusion of the taking of evidence. The jury found the defendant Julius Becker not guilty, but returned a verdict of guilty against the defendants Arthur Clensey, Horace Miles, and William Woods. These last-named defendants

prosecute this appeal from the judgments pronounced upon the verdict and from the order denying their motions for a new trial.

The first contention urged by appellants is that by count one of the indictment and its dismissal during the trial of the cause the appellants were placed once in jeopardy and hence they could not be prosecuted or convicted of the crime of robbery. In its essence the argument amounts to this: that since the offense of criminal conspiracy to commit robbery involves elements the same, or nearly so, as are involved when two or more persons aid and abet the commission of robbery, the dismissal of the former ought to stand as a bar to the further prosecution of the latter. The position of appellants cannot be upheld. The standpoint from which we shall discuss the problem will probably be less free from doubt if we assume, solely for the purposes hereof, that the situation brought about by the dismissal is the same as though the jury had returned a verdict of not guilty on the first count. A reason for indulging this presumption is that all the rules relating to a plea of former jeopardy cannot be applied to this case because the appellants were tried but once upon an indictment containing two counts. (*People* v. *McDaniels*, 137 Cal. 192 [92 Am. St. Rep. 81, 59 L. R. A. 578, 69 Pac. 1006]; *People* v. *Day*, 199 Cal. 78 [248 Pac. 250]; *People* v. *Degnen*, 70 Cal. App. 567 [234 Pac. 129].) However, it cannot possibly be argued that they were prejudiced to any greater degree than they would have been had an acquittal resulted on the first count. The question can then be stated in this way: Were the offenses stated in the two counts identical? In *People* v. *Day*, 199 Cal. 78 [248 Pac. 250], *People* v. *Vanderbilt*, 199 Cal. 461 [249 Pac. 867], and *People* v. *Kimmerle*, 90 Cal. App. 186 [265 Pac. 525], it is said that the test by which we may determine whether an acquittal of one count is tantamount to an acquittal on the other is whether there is an essential element involved in the first which is not necessary in the second, i. e., whether the offenses are in fact identical or whether the verdicts would be necessarily inconsistent. It is too apparent for argument that the offenses here charged are not identical. The crime charged in the first count, that of a criminal conspiracy to commit robbery, is by its very name distinguished from the offense of robbery. The

one involves the element of conspiracy, entirely lacking in the other. And to say that a person may not aid and abet without entering into a conspiracy with the other participants is to premise the argument upon a self-evident fallacy. This disposition of the argument upon the question also makes it unnecessary for us to comment further upon appellants' last assignment of error to the effect that the jury were not permitted to pass upon their "claim of former jeopardy indicated in the record." Inasmuch as in law no such plea could be interposed there was no question of fact upon which the jury could possibly pass.

■ We now approach the claim of appellants that the evidence is insufficient to support the verdicts and it becomes necessary to jot down the testimony supporting the conclusion of the jury. The evidence establishes beyond any question that a bank messenger and the driver of a Ford roadster employed by the Pacific National Bank were held up and robbed of at least $59,475 by three men in a Packard sedan on March 2, 1928, between 12:30 and 1 P. M. in the 600 block on Chicago Street, Los Angeles. About 2 o'clock in the afternoon of the same day, Mrs. Della Nila, who was outside her residence at 1157 South Mott Street, saw three men drive up in a Packard sedan, and change from the Packard to a Hupmobile sedan. As they were in the act of changing cars they dropped some papers which they immediately picked up, and drove away. On March 2, Mrs. Margery La Vernon, residing at 1344 N. Harvard, one unit of a bungalow court, saw some new tenants (consisting of three men and two girls) occupy a bungalow across the drive from her, another unit in the same court. Two of the men identified by her were the appellant Clensey and the defendant H. L. Cokes. This witness also testified that she saw about the premises occupied by Clensey and the others a Hupmobile, a Cadillac, and a Lincoln sedan, and noted that the Lincoln sedan came on a Friday or Saturday afternoon or evening, remaining there until about 6 P. M., when some bags or sacks were unloaded and taken into the kitchen. (We insert parenthetically that March 2d was a Friday.) Police officers testified to a conversation had with the appellant Miles in which he is said to have stated that he had known about the intended robbery for six months and had taken the matter up with the defendant Stewart Jones, and

that he had received $3,000 out of the proceeds, from which he had given Stewart Jones $1,500, paying some bills of his own with a part of the other $1,500, concealing $1,000 thereof in his automobile, and when the officers were about to arrest him, carelessly throwing the remainder into a closet in his apartment. Officer O'Connor testified that he found and recovered from among some old clothes in a closet at the apartment of appellant Miles fifty-five $5 bills and one hundred sixteen $1 bills, and also $1,000 in Pacific National Bank notes of $10 denominations from the automobile of this appellant. Officer Cahill testified to a conversation with the appellant Miles in which the latter is said to have admitted that he talked to the appellant Clensey about the proposed hold-up after Miles had talked to him, and that he had received in the neighborhood of $13,000 in currency from the appellant Clensey, of which amount he had given the appellant Miles $3,000, entrusting the remainder contained in a grip with a friend of his named Christie. This officer also testified that Christie accompanied him to the Hotel Carleton and there turned over to him a package containing $3,000, a part of $9,618 left with him by the appellant Woods. Testimony was also introduced covering a conversation with the appellant Clensey in which he is related to have said that the appellant Woods' version of the affair was correct, except that he, Clensey, did not burn a suit of clothes as Woods is quoted to have said. The officers further testified that they went with the appellant Clensey to Santa Barbara, where, directed by him, they located $17,535 in currency and silver contained in a trunk bearing the initials H. L. C.; that on the way to Santa Barbara, Clensey said that Walter Bucan and Carol Morris were the men who actually committed the robbery. It was also testified that on March 14, 1928, the officers, accompanied by Clensey, went to 1342 No. Harvard Boulevard, and opened the door with a key obtained from Clensey, and that while there, the last-named appellant stated that the money had been divided at this house, although he was not present at the time; that two packages had been left for him, one of which he had given to the appellant Woods. It should be observed here that Mrs. La Vernon, who identified appellant, lived at 1344 No. Harvard. It will also be noted that a part of the stolen money was recovered

from each one of the appellants, although that recovered from the appellant Woods had been by him entrusted to a third party. A teller of the Pacific National Bank was put on the stand and identified by number bills recovered from the trunk of the appellant Clensey and from the package of the appellant Woods. It cannot be seriously questioned that the testimony amply supports the determination of the jury, when we bear in mind the oft-stated rule prevailing in California, codified in section 971 of the Penal Code, that there is no distinction between an accessory before the fact and a principal. Here the actual robbery is not in dispute, nor can it be successfully argued that the appellants were not found to be in possession of the stolen property, which, together with their admissions, renders almost impossible any other conclusion than that they were instrumental in plotting and bringing about the commission of the crime, although they may not have actually participated in the physical acts of the robbery.

Appellants also assert that the verdicts rendered are without support either in law or in the facts, for the reason that appellants were charged with first degree robbery and that a first degree robbery was in fact committed and therefore the appellants, as aiders and abettors, could not be convicted, as they were by the verdicts, of second degree robbery. We may concede, as we have already indicated, that the evidence was sufficient to support verdicts against the appellants of first degree robbery, but the fact that they were found guilty of a lesser offense is now no reason why they should be altogether absolved. We know of no better way to express our opinion than to quote from *People* v. *Edwards*, 72 Cal. App. 102 [236 Pac. 944], as follows: "If the jurors paltered with their oaths and with the law they must make their own peace with conscience. If appellant was wrongfully acquitted on the first and second counts the error was in his favor, and he cannot be heard to complain. The fact that the jurors relieved him on two counts does not oblige this court to relieve him on the third." To the same effect see *People* v. *Stovall*, 94 Cal. App. 635 [271 Pac. 576], and *People* v. *Vanderbilt*, *supra*. In this last cited case we find a statement that is also very much to the point. It says: "If there be evidence to support a verdict finding an accused person guilty of a lesser offense which is included in the

offense charged against him, he may be found guilty of such lesser and included offense, notwithstanding the evidence shows that (he is guilty of the greater and including offense instead of the lesser offense)."

The only assignment of error we have not formally discussed is that the *corpus delicti* was not established, and yet what has been said concerning the sufficiency of the evidence fully answers appellants' contention. It cannot be doubted under the rule declared in *People* v. *Selby,* 198 Cal. 426 [245 Pac. 426], and many earlier California authorities there mentioned, that proof of the actual commission of the robbery, together with possession of the stolen property by appellants, was sufficient to warrant the admission and consideration by the jury of the admissions made by the appellants.

Judgments and order affirmed.

Works, P. J., and Craig, J., concurred.