[No. 21037.   Department One.—February 6, 1894.]

## THE PEOPLE, RESPONDENT, *v.* TIMOTHY LYNCH, APPELLANT.

CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—INSTRUCTION— OMISSION OF SELF-DEFENSE.—An instruction to the jury upon the trial of a defendant charged with an assault with a deadly weapon with intent to kill, to the effect that if they believed that the defendant committed the assault without malice aforethought their verdict should be guilty of an assault with a deadly weapon, is not erroneous because it fails to state that if the assault had been committed in necessary self-defense it was justified.

ID.—ASSAULT EXCLUSIVE OF SELF-DEFENSE.—An assault is in itself unlawful. One person cannot assault another in self-defense; and any act done in self-defense cannot be an assault.

ID.—SELF-DEFENSE—FEAR OF BODILY INJURY—INSTRUCTION.—An instruction to the jury that the bare fear of the defendant that the prosecuting witness was going to inflict bodily injury upon him would not justify him in attempting to kill the prosecuting witness, if he did so attempt, but there must have been some act or acts on the part of the latter such as would induce an ordinarily prudent man to believe that he was in great and immediate danger of death or great bodily injury, is correct, and is not erroneous because it fails to say anything about threats.

ID.—THREATS BY PERSON ASSAULTED.—Threats alone never justify a homicide, or an attempt to take life, though admissible in evidence to throw light on the circumstances surrounding the affray.

ID.—EVIDENCE—EXPLANATION OF THREAT—OPINION OF DEFENDANT— HARMLESS RULING.—Where the defendant testified that some days prior to the alleged assault the prosecuting witness said, "I'll fix you," and further testified that immediately prior to the affray the prosecuting witness, in a violent manner, said to him, "I'll kill you," and made demonstrations as if to draw a weapon, the refusal of the court to allow him to testify as to what he thought was meant by the words, "I'll fix you," could not be prejudicial.

ID.—PRESENCE OF ACCUSED IN PUBLIC STREET—PRESUMPTION—HARMLESS REFUSAL OF INSTRUCTION.—Where the crime with which the defendant was charged was committed upon the public street, an instruction asked for by the defendant that it was to be presumed that he was

there for a lawful purpose, is not objectionable, and could have been properly given, but the refusal to give it is not prejudicial error where the jury have been fully instructed that the defendant was to be presumed innocent until proven guilty.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*James H.* and *J. E. Budd*, for Appellant.

*Attorney General W. H. H. Hart*, for Respondent.

GAROUTTE, J.—The defendant was convicted of an assault with a deadly weapon, and appeals from the judgment and order denying his motion for a new trial. He claims the shooting to have been done in self-defense, and contends that the court committed error in its instructions to the jury upon the law of the case.

1. An exception was taken to the following instruction:

"If, however, you are satisfied from the evidence in the case, and beyond a reasonable doubt, that the defendant did, at the time charged and as charged, make an assault on one T. O'Connor with a deadly weapon— that is, one likely to produce, in the manner in which it is used, death or great bodily injury—with intent to do him great bodily injury, but are not satisfied that the assault was made with malice, or if you have any reasonable doubt whether such assault was with malice aforethought, your verdict will be guilty of an assault with a deadly weapon."

Counsel say: "Suppose defendant had assaulted the prosecuting witness with a deadly weapon with intent to do him great bodily harm; if it had been done in necessary self-defense he was entirely justified. Yet this instruction clearly directs the jury to find him guilty if such assault alone be proven." A complete answer to this supposition is, that no such a state of facts could exist. One person cannot assault another in

self-defense.   An assault in itself is unlawful, and any act done in self-defense cannot be an assault.

2. The court gave the following instruction:

"The bare fear that the said T. O'Connor, if defendant had had such fear, was going to inflict bodily injury upon the person of the defendant would not justify defendant in attempting to take the life of the said T. O'Connor, if he did so attempt; but there must have been some *act or acts* of the said T. O'Connor such as would induce an ordinarily prudent man to believe that he was in great and immediate danger of death, or great bodily injury, at the hands of the said T. O'Connor; and, unless you so find, you will find the defendant guilty."

We think the instruction entirely correct. To be sure, it says nothing about threats, but threats alone never justify a homicide. Words, however grievous, do not even reduce a homicide from murder to manslaughter. While threats are always admissible as evidence, yet some act or acts of the deceased indicating danger to the defendant as a reasonable man, at the time of the shooting, must be present, or the plea of self-defense will be made in vain. The instruction in no way intimates that threats of the prosecuting witness toward the defendant are not admissible as evidence tending to throw light upon the circumstances surrounding the moment of the affray.

3. The following instruction was asked by the defendant and refused:

" The court further instructs the jury that Sacramento street is a public highway in the city of Stockton, and that the defendant had a perfect right to be on said highway at the time and place where he was met by the prosecuting witness, and was under no necessity to leave or depart from said street in order to avoid meeting with the prosecuting witness, and, in the absence of evidence showing that defendant was in said street for improper and unlawful purposes, the court instructs you that the presumption of law is that the defendant was

in said street at the time and place where he was met
by the prosecuting witness for a lawful and legitimate
purpose."

In the abstract we are not prepared to say that the
mere fact of a man walking upon a public street justi-
fies the presumption that he is there for a lawful pur-
pose. But in the present case, where the defendant
was charged with a crime committed upon the public
street, we see no legal objection to this instruction,
and perhaps it would have been the better course to
have given it. At the same time, it was but another
form of instructing the jurors that the defendant is pre-
sumed to be innocent until he is proven guilty, and that
matter was fully explained to them in other portions
of the charge.

4. Defendant testified that some days prior to the al-
leged assault, the prosecuting witness, among other
things, said to him, "I'll fix you." His attorney then
asked him, "What did you understand him to mean by
those words?" and an objection was sustained to this
question. We assume the purpose of the question was to
show that defendant construed the language as a threat of
physical injury, and, without deciding the merits of the
ruling of the court in this regard, it is sufficient to say
we think the defendant was not injured to any degree
by such ruling, even conceding that his answer to the
interrogatory would have been as indicated. A threat
of the prosecuting witness at this time could only be
material as bearing upon the circumstances immediately
surrounding the shooting, and material only for the pur-
pose of indicating that the defendant fired in self-defense.
But the defendant further testified that immediately
prior to the affray the prosecuting witness in a violent
manner said to him, "I'll kill you," and made demon-
strations as if to draw a weapon. Under these circum-
stances it is plain that defendant was not injured before
the jury by the ruling of the court, whatever may have
been his understanding of the language used by the
prosecuting witness.

Defendant complains of other rulings of the court, both as to instructions given and refused, and also as to evidence admitted and rejected, but after careful consideration we see no error, and find nothing further demanding extended notice.

It is ordered that the judgment and order denying a new trial be affirmed.

PATERSON, J. and HARRISON, J. concurred.