[Crim. No. 3641. Second Dist., Div. Two. Dec. 8, 1942.]

THE PEOPLE, Respondent, v. INEZ HATCHETT, Appellant.

Crispus A. Wright for Appellant.

Earl Warren, Attorney General, and R. S. McLaughlin, Deputy Attorney General, for Respondent.

WOOD (W. J.), J.—Defendant was charged with the murder of Ernest Dempsey and was convicted of manslaughter. She has appealed from the judgment of conviction and from the order denying her motion for a new trial.

Defendant and the decedent, Dempsey, had been "friends" both before and after Dempsey's marriage. Mrs. Essie Dempsey, wife of decedent, testified that in the evening of March 31, 1942, defendant called her on the telephone and used abusive language; that thereafter she, Mrs. Dempsey, called defendant on the telephone and was informed that Mr. Dempsey was not coming home. She then heard four or five shots and the groans of her husband. There were no eye witnesses to the shooting. Defendant testified that decedent was at her home in a drunken condition and that they had been quarreling. Defendant went into the kitchen for several minutes and upon her return saw decedent with a "gun" in his hand, which he had secured from under the bed. Decedent pointed the gun at defendant and said, "I am going to shoot you tonight," calling defendant a vile name. Defendant "ducked" and ran into him and the gun went off. Defendant knocked the gun to the floor and a "tussle" ensued. Defendant picked up the gun and started toward the rear door. She remembered that the rear door was locked and

upon turning around saw the decedent coming toward her with a metal smoking stand weighing from two to three pounds in his hand. At that time she pulled the trigger of the weapon. She did not remember how many shots were fired. Several witnesses testified that decedent had a bad reputation in the community for peace and quietness. Mrs. Minnie Addison testified that on one occasion decedent ''drew a crank'' on defendant and told her if she didn't get in the car he would fight her.

The trial court refused to give to the jury the following instruction which was requested by defendant: ''The Court instructs the jury that a person in the exercise of her right of self defense not only has a right to stand her ground and defend herself when attacked, but she may pursue her adversary until she has secured herself from danger.'' The court did not instruct the jury on the rule set forth in this instruction in any of the instructions which were given to the jury.

Defendant contended that the shooting was justifiable under the law of self defense. She was entitled to have the jury fully instructed on the legal principles applicable to this defense, and particularly was entitled to have the jury instructed that she had a right to stand her ground and defend herself when attacked and could pursue her adversary until she had secured herself from danger. The requested instruction clearly states the law on the subject. (*People* v. *Carson*, 43 Cal.App.2d 40 [110 P.2d 98]; *People* v. *Orosco*, 73 Cal.App. 580 [239 P. 82]; *People* v. *Kinowaki*, 39 Cal.App.2d 376 [103 P.2d 203].) Defendant was unquestionably prejudiced by the failure of the court to give the requested instruction.

The judgment and the order denying the motion for a new trial are reversed and a new trial is ordered.

Moore, P. J., and McComb, J., concurred.