[Crim. No. 3744. Second Dist., Div. Two. Dec. 20, 1943.]

THE PEOPLE, Respondent, v. JESSE MOODY, Appellant.

Philip S. Schutz for Appellant.

Robert W. Kenny, Attorney General, and Alberta Gattone, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was indicted on two counts, namely, (1) for mayhem and (2) for assault by means of force likely to produce great bodily injury. He was acquitted on the first count and from his conviction of the second count and from the order denying a new trial he brings this appeal. The grounds of appeal are: (1) that the judgment of conviction under count II is inconsistent with the verdict of not guilty under count I and is therefore void; and (2) errors in the court's giving certain instructions and in modifying one offered by appellant.

Late in the evening of March 6, 1943, one Martinez, the complainant, was in a cafe in the city of Los Angeles where he had drunk about a quart of wine and some beer. As Martinez came from the toilet he engaged in a conversation with a boy and struck him. Appellant called Martinez to task; a fight ensued; Martinez was beaten to unconsciousness and his left eye was destroyed. During the course of the struggle Martinez approached with a knife with which he cut appellant's clothing. At no time did appellant use any weapon; neither did his fist strike Martinez in the eye. When the police ambulance called for Martinez he lay close to the foot of the building wall with his head upon a 2½ inch water pipe. Where his body had lain a pocket knife was found open with a blade about 3½ inches long.

Appellant contends that there was but one controversy and that there was therefore but one offense; and that since the crime charged in the second count is a lesser offense than the crime of mayhem, the acquittal under the first count necessarily was an acquittal on the second. Such a contention is decidedly a fallacy. The jury evidently found that in the course of the fracas Martinez lost his eye by a means not applied by appellant. Had there been evidence that appellant struck Martinez in the eye there might then be some basis for his present contention. But where in a fist fight an eye is lost by means other than by the force applied by the defendant, the loss of the eye is not to be deemed the result of the force applied and the acquittal of the charge of mayhem is not an acquittal of the crime of assault by means of force likely to produce great bodily injury. There is an element in the offense of mayhem not necessarily involved in the crime of which appellant was convicted. (*People* v. *Kimmerle*, 90 Cal.App. 186, 189 [265 P. 525].) The Kimmerle case is a striking parallel with that at bar. The same identical

charges were made and the same verdicts were rendered. As there, the jury determined that the complainant struck his eye on the jamb of the door, so here, the jury must have believed that Martinez struck his eye on the wall or the pipe. Where, in such a prosecution, elements necessary to the major crime are not proved to the satisfaction of the jury the latter are not for that reason required to acquit the prisoner of the junior offense. (*People* v. *Smith,* 117 Cal.App. 530, 533 [4. P.2d 268].) Neither is the appellate court, in such event, obliged to relieve the accused of the conviction for the milder offense. (*People* v. *Edwards,* 72 Cal.App. 102, [236 P. 944]; *People* v. *Clensey,* 97 Cal.App. 71 [274 P. 1018].) If there was evidence sufficient to support the verdict of a lesser offense which is included within the greater, he may be adjudged guilty of the former notwithstanding the evidence shows that he is not guilty of the more serious crime. (*People* v. *Vanderbilt,* 199 Cal. 461, 464 [249 P. 867].) Assuming that the force applied by appellant caused the loss of Martinez' eye, then he cannot complain because the verdict was more favorable than the evidence warranted. (*People* v. *Edwards, supra.*)

Appellant vainly attempts to distinguish the Kimmerle case by contrasting the fact that Kimmerle's victim suffered a fractured sinus from the blows dealt him with the status of Martinez' physique after the assault by Moody. While these men scuffled for some moments in the cafe, appellant was entreated to desist. After they had reached the outside the latter administered two blows to the right temple of Martinez, who sank unconscious to the ground where four minutes later he was found still oblivious of the world, his face covered with blood.

 The court advised the jury with reference to the law of self-defense substantially as follows: that self-defense is founded on necessity; that to justify a counter-assault it must not only have appeared to the defendant as a reasonable man that he had reason to believe that he was in danger of his life or bodily harm, but that it must appear to him as such reasonable man that to avoid such danger a counter-assault was absolutely necessary; that the circumstances appearing must be sufficient to excite the fears of a reasonable man and that defendant must have acted under the influence of such fears alone; that the danger must be present, apparent, and imminent; that if he acts on such appearances he

does so at his peril; that the law prescribes a standard of its own, to wit: the conduct of a reasonable man situated as defendant was; that if the jury should find that the infliction of one blow or more was all the force appearing to the defendant as a reasonable person to be necessary successfully to resist the assault of Martinez, then the infliction of any other blow would not be justified by the law of self-defense; and that if the jury should find that the blows upon Martinez were inflicted after it appeared to defendant, as a reasonable man, that Martinez had been incapacitated for inflicting further bodily injuries, defendant was not justified in administering blows in excess of those reasonably necessary to resist Martinez' assault.

Deeming himself not to be fully protected by the court's instruction, appellant requested the court to read the following instruction which the court modified by adding the italicized portions thereto: "The court instructs the jury that a person in the exercise of his right of self-defense, not only has a right to stand his ground and defend himself when attacked, but he may pursue his adversary until he has secured himself from danger, *using in all events, however, only such force as a reasonable person, situated as he was and knowing what he knew, would have used under like circumstances.*"

Appellant contends that the instruction as presented by him contains a correct statement of the law and that the modification by the court nullified its meaning. An instruction with respect to the right and extent of a counterassault should fix, as the standard by which to judge the defendant, the actions of a reasonable man under all of the apparent circumstances. In a prosecution of one who pleads that his act was done in self-defense it is error to instruct the jury that in resisting his assailant the defendant might use any force he deemed necessary; but they should be told that the sole test is whether the force exerted by the defendant would have been deemed necessary to insure his safety by a reasonable person similarly situated. ■ Also, it is proper to deny an instruction that defendant had the right to be the sole judge of the means with which, and the extent of the force by which, he is to make his counter-assault. (*People* v. *Albori*, 97 Cal.App. 537, 544 [275 P. 1017]; *People* v. *Semikoff*, 137 Cal.App. 373 [30 P.2d 560].) Defendant's fear that Martinez was about to inflict bodily injury upon defendant did not justify the latter's resistance beyond that

which would be deemed sufficient by a reasonable man to secure his own safety. He must have been confronted with such acts as would have induced an ordinarily prudent person to believe that he was in immediate danger of great bodily injury. (*People* v. *Lynch,* 101 Cal. 229, 231 [35 P. 860].)

█ When attacked one has a right to stand his ground and defend himself and he may pursue his adversary if such pursuit is necessary to a successful defense; but the extent to which one may make resistance against an aggressor is a fact which must be determined by the jury by keeping in mind the amount or extent of force which a reasonable person would employ under similar circumstances. The right to make a counter-assault and the extent thereof depend upon the existence or apparent existence of such conditions as would be deemed sufficient by a reasonable man under a similar situation. (Secs. 692, 693, Penal Code.)

█ The contention that the court's instructions apply to homicide cases only is based upon a misconception of their meaning. Appellant is induced by the authorities cited by him (*People* v. *Hatchett,* 56 Cal.App.2d 20 [132 P.2d 51]; *People* v. *Kinowaki,* 39 Cal.App.2d 376 [103 P.2d 203]; *People* v. *Orosco,* 73 Cal.App. 580 [239 P. 82]) to contend that his original instruction was a correct statement of the law. Each of his authorities dealt with the crime of murder. The instructions in each case were governed by sections 197 and 198, Penal Code. Each case was reversed because the accused was denied a correct instruction upon a point not covered by the court's charge.

Appellant was accused under section 245, which makes it a felony for a person to commit an assault upon another by any means of force likely to produce great bodily injury. In prosecutions under this section, lawful resistance to the aggressor may be made by the injured party to "prevent the offense" against his person or his family. (Sections 692, 693, Penal Code.) Instructions on the trial of one accused under section 245 are to be drawn within the purview of section 693 and not of 198. This we apprehend is exactly what the trial court successfully undertook to do in the instant case.

The judgment and the order denying the motion for a new trial are affirmed.

McComb, J., and Wood (W. J.), J., concurred.