[Crim. No. 13423.   Second Dist., Div. Four.   Feb. 28, 1968]

THE PEOPLE, Plaintiff and Respondent, v. ASTOR DALLAS WHITFIELD et al., Defendants and Appellants.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and David W. Halpin, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—In case number 327,876 Astor Dallas Whitfield and Reynaud Felton Cage were charged with a violation of section 187 of the Penal Code (murder). Trial by jury was had and defendants were found guilty of murder in the second degree. Motions for new trial were denied; motions for reductions pursuant to Penal Code, section 1181, subdivision 6, were denied; probation was denied. Defendants were sentenced to state prison for the term prescribed by law. Each defendant has appealed.

On August 4, 1965, in case number 298,837, defendant Whitfield was sentenced to a year in the county jail for a violation of section 11530 of the Health and Safety Code. Sentence was suspended and probation granted for two years on condition that Whitfield spend the first 90 days in the county jail. On January 17, 1967, probation was revoked and Whitfield was ordered imprisoned in the state prison for the term prescribed by law, which sentence was ordered to run concurrently with the sentence in case number 327,876 (the Pen. Code, § 187, violation of which Whitfield was found guilty). Notice of appeal was filed.

On July 29, 1966, Elnora Stewart gave a surprise party for her brother, Montgomery Stewart. Ralph Palacios, the victim, was among the invited guests. Defendants Cage and Whit-

field, accompanied by three girls, arrived at 12 midnight; they had not been invited by Elnora Stewart. A fight relating to the playing of a record player erupted among the three girls who arrived with the defendants and the invited female guests at the party. Palacios pushed his wife and daughter into the kitchen away from the record player. Palacios and others stood between the two factions. Palacios told the people to get out and someone said they weren't going to leave. During this time Palacios said, "I don't like anybody hitting on my wife," to which one unidentified defendant said, "What are you going to do about it? Come downstairs." Palacios and the defendants went outside. Whitfield held Palacios. Cage hit him on the nose. Both defendants ran. Palacios had a chair. Both defendants charged Palacios and were hitting him, and Palacios was swinging a chair. He broke the chair on the sidewalk. Cage jumped on and held Palacios with both arms completely wrapped around Palacios' waist, leaving Palacios' arms free. Whitfield took out his knife and struck Palacios with a swinging motion. Palacios said, "Oh, I am hurt," leaned on the wall and fell.

One witness observed Cage with a knife during the fight, and two witnesses observed Whitfield with a knife during the fight. One witness saw Whitfield stab Palacios while Palacios had both hands raised to shoulder level. Another witness said he saw one of the defendants strike Palacios with a knife.

Robert Walker, a police officer, informed defendants of their constitutional rights and after that Cage told the officer that during the fight he struck some object with his knife but he did not know which object. Walker testified that Whitfield admitted stabbing Palacios.

The coroner said that there were several wounds on the deceased's arms, upper back, head and chest. A puncture wound penetrated the deceased's heart and caused death.

Both defendants claimed they acted in self-defense. Whitfield denied striking Palacios.

Defendants contend that there is insufficient evidence to convict defendants of the unlawful killing of Palacios and if sufficient facts did exist to convict defendants of an unlawful killing of Palacios, their crime was, at most, voluntary manslaughter. Whitfield also urged that the trial court erred when it revoked Whitfield's probation in case number 298,837 and that it erred in sending defendant Whitfield to state prison in conjunction with the revocation of his probation.

I

There is sufficient evidence to show an unlawful kill-

ing of Palacios. Several witnesses observed both defendants with knives during the fight. One witness saw Whitfield stab the victim; Whitfield admitted to the officer that he stabbed the victim, and Cage admitted he struck some object with his knife. ■ To achieve a reversal on the grounds of insufficiency of the evidence, it must be shown that on no hypothesis whatever is there sufficient substantial evidence to support the verdict (*People* v. *Newland* (1940) 15 Cal.2d 678, 681 [104 P.2d 778]), and we have no such showing here. ■ It can be inferred that both defendants actually struck the victim with knives. It is immaterial that only one of the wounds was the immediate cause of death. The two defendants were acting in concert in the attack on Palacios and each is responsible for the acts of the other.

■ Defendants also claim that they were entitled to use self-defense. ■ Any force which is excessive, *i.e.*, unreasonable under the circumstances, is not justified and the extent to which one may make resistance against an aggressor is a fact to be determined by a jury. (See *People* v. *Moody* (1943) 62 Cal.App.2d 18, 22 [143 P.2d 978].) ■ Even assuming (which we do not think was true) that both defendants were entitled to use force to defend themselves against Palacios we believe that the jury could reasonably find the use of deadly force by the defendants to be excessive under the circumstances.

## II

■ Defendants urge that, even if there were sufficient facts contained in the record on which to convict defendants of the unlawful killing of Palacios, the crime was at most voluntary manslaughter. ■ In a case of mutual combat where a homicide is committed, in order to reduce the offense from murder to manslaughter, it must appear that the contest was waged on equal terms, and no undue advantage was taken by defendant (*People* v. *Sanchez* (1864) 24 Cal. 17, 27.) ■ In view of the fact that there were two defendants acting together and both were armed with knives and they were fighting against a single victim armed with a chair, we cannot say that the battle was fought on equal terms, such that the crime should be reduced to manslaughter.

The defendants cite *People* v. *Elmore* (1914) 167 Cal. 205 [138 P. 989], for the proposition that a deadly or violent assault, or even a blow with the fist, which causes substantial pain or injury may constitute sufficient provocation to reduce

an offense from murder to manslaughter. While this proposition is of course true, the *Elmore* case is distinguishable on the grounds that Elmore was acting in good faith and really desired to avoid the quarrel, and the attack against Elmore was unprovoked. Defendants in the instant case did not seek to avoid the quarrel but, according to the witnesses, initiated it—both by the original challenge to Palacios and by resuming the affray after he had dropped the broken chair and was no longer, in any sense, attacking them.

### III

Defendant Whitfield argues that if the judgment in case number 327,876 is reversed, the order revoking Whitfield's probation in case number 298,837 should also be reversed, since his probation was reversed because of his present conviction. Since we do not reverse the judgment in the murder case, there is, therefore, no reason to reverse the order revoking Whitfield's probation on the above stated ground.

### IV

Defendant Whitfield argues that the court erred in revoking his probation for still another reason. Defendant argues that, on January 17, 1967, when the court revoked Whitfield's probation and sentenced him to state prison, the court in effect added a condition to Whitfield's probation and, erroneously, immediately executed that condition.

In case number 298,837, on August 4, 1965, defendant Whitfield was sentenced to one year in the county jail for a violation of Health and Safety Code section 11530. The sentence was suspended and Whitfield was placed on probation for a period of two years, upon certain conditions, including the condition that he serve the first 90 days in county jail and that he abstain from all alcoholic beverages. On January 17, 1967, after sentencing Whitfield to state prison on the murder charge, the judge revoked probation, sentenced Whitfield to state prison for the term provided by law and determined that the sentence should run concurrently with the murder sentence.

The Attorney General admits that the alternative sentence to county jail for violation of Health and Safety Code section 11530 was removed by an amendment to that section in 1961. (Stats. 1961, ch. 274, § 7, p. 1305.) The Attorney General argues that, although the sentence to county jail was beyond the authority of the court, the action of the trial court on August 4, 1965, was either an informal or formal grant of probation or a sentence void on its face in whole or part. It is

our view that, since the sentence was beyond the authority of the court, it was void, at least in part. The People argue that, even if the sentence of August 4, 1965, is void, the court, having jurisdiction, could, on its own motion, set aside the void judgment, as it did on the motion of the defendant in *People* v. *McGillis* (1958) 166 Cal.App.2d 91 [332 P.2d 706], and impose a proper judgment.

We regard the Attorney General's position as being correct in substance. The alternative sentence to county jail for a violation of section 11530 of the Health and Safety Code was removed by an amendment to that section in 1961 (Stats. 1961, ch. 274, § 7, p. 1305), but section 11715.6 permitted the grant of probation in cases where the defendant had not previously been convicted of a felony. There is nothing in this record to show any prior conviction. It follows that the 1965 action was void only in part—*i.e.*, it was void insofar as it imposed a county jail sentence but it was valid insofar as it granted probation. As *McGillis* holds, the court had jurisdiction to set aside that judgment insofar as it was void. While it would have been better procedure for the trial court formally to have vacated the void jail sentence and then revoked the valid probation, we can see no prejudice to defendant in the omission of this purely formal step.

The judgments appealed from are affirmed.

Files, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 24, 1968.