[Civ. No. 49944. First Dist., Div. One. July 31, 1980.]

SIDNEY WILSON, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

James C. Hooley, Public Defender and Jay B. Gaskill, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Real Party in Interest.

OPINION

**ELKINGTON, J.**—Petitioner Sidney Wilson committed a felony prior to July 1, 1977, for which he was arrested and confined in jail while awaiting trial. He was thereafter convicted of the offense and sentenced to prison under California's now repealed *Indeterminate* Sentence Law. Following the state's *determinate* sentence law (operative July 1, 1977) and before the high court's decision in *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874], the superior court ordered that Wilson's prison term be reduced by allowance of Penal Code section 4019's conduct credits covering the period, prior to July 1, 1977, he had spent in jail awaiting trial and sentence. For reasons as will appear, that order will be termed by us as the "first order."

*People* v. *Sage, supra*, 26 Cal.3d 498, 509, footnote 7, holds that "felons sentenced to prison terms under the Indeterminate Sentence Law after January 1, 1948, were not entitled to [the conduct] credits" of section 4019, for presentence jail time served while that law was in effect.

Following announcement of *People* v. *Sage*, and after the usual time for appeal or review by extraordinary writ of the superior court's first order had passed, the People moved to set the order aside on the ground that it had, in effect, modified Wilson's sentence in a manner unauthorized by law. The motion was granted by the "second order" of the superior court.

Wilson has petitioned this court for a writ of mandate seeking nullification of the second order.

He and the People seek an expedited determination of the matter. The issues have been fully briefed by the parties, who have waived oral argument and stipulated that the petition might now be determined by this court on the merits without issuance of an alternative writ.

█ It is contended that "Respondent superior court had no jurisdiction to rescind or amend its order granting the early release date."

As pointed out, the superior court's first order had the effect of *reducing* Wilson's prison sentence by allowance of conduct credits contrary to the law as later elucidated by *People* v. *Sage*.

Imposition of "a sentence not authorized by law...[is] subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court." (*People* v. *Serrato* (1973) 9 Cal.3d 753, 763 [109 Cal.Rptr. 65, 512 P.2d 289].) ""When a court pronounces a sentence which is unauthorized by the Penal Code, that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the court."" (*People* v. *Espinoza* (1979) 99 Cal.App.3d 59, 68 [159 Cal.Rptr. 803]; *People* v. *Superior Court (Duran)* (1978) 84 Cal.App.3d 480, 486 [148 Cal.Rptr. 698]; *People* v. *Superior Court (Gonzales)* (1978) 78 Cal.App.3d 134, 143 [144 Cal.Rptr. 89]; *People* v. *Bell* (1971) 17 Cal.App.3d 949, 955 [95 Cal.Rptr. 270]; *People* v. *Massengale* (1970) 10 Cal.App.3d 689, 693 [89 Cal.Rptr. 237].) In such a case the court lacks *"jurisdiction"* and the sentence, or at least its unlawful part, is *"void."* (*In re Sandel* (1966) 64 Cal.2d 412, 417-419 [50 Cal.Rptr. 462, 412 P.2d 806]; *Peo-*

*ple* v. *Getty* (1975) 50 Cal.App.3d 101, 106, fn. 3 [123 Cal.Rptr. 704]; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627]; *People* v. *Sproul* (1969) 3 Cal.App.3d 154, 164 [83 Cal.Rptr. 55]; *People* v. *Whitfield* (1968) 259 Cal.App.2d 605, 610-611 [66 Cal.Rptr. 438]; *People* v. *Orrante* (1962) 201 Cal.App.2d 553, 557 [20 Cal.Rptr. 480]; *In re Robinson* (1956) 142 Cal.App.2d 484, 486 [298 P.2d 656], and see authority there collected.) And such an unlawful sentence will be corrected even though the correction operates more severely against the defendant "than the original unauthorized pronouncement." (See *People* v. *Serrato, supra,* 9 Cal.3d 753, 764; *People* v. *Espinoza, supra,* 99 Cal.App.3d 59, 68; see also *People* v. *Superior Court (Gonzales), supra,* 78 Cal.App.3d 134, 143.)

Under the foregoing authority it is manifest that the superior court properly set aside the first order as "void" and entered "without jurisdiction."

It will be noted that Wilson appears to agree that the superior court's first order was erroneous. But, relying upon *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], he argues that the order was "judicial error... beyond correction, save by the regular course of [a timely] appeal," an appeal which here was not taken. But as we have pointed out, the court's first order differed from the subject of *Candelario,* in which the trial court had "'deliberately exercised judicial discretion.'" (*Id.,* p. 705.) Instead the first order was beyond the court's "jurisdiction" to grant, and therefore "void." Apposite is a holding of *Carter* v. *Carter* (1957) 148 Cal.App.2d 845, 850 [307 P.2d 630], as follows: "The absence of any appeal from either of those judgments does not add any strength to the portions just mentioned, for a void order or judgment is subject to collateral attack at any time and in any place by any interested party."

The peremptory writ of mandate is denied.

Racanelli, P. J., and Grodin, J., concurred.

A petition for a rehearing was denied August 22, 1980, and the opinion was modified to read as printed above.