452 So.2d 661 (1984)
Roberto TOLEDO, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-2019.
District Court of Appeal of Florida, Third District.
July 17, 1984.
Kurt Marmar, Coral Gables, for appellant.
Jim Smith, Atty. Gen. and Randi B. Klayman, Asst. Atty. Gen., for appellee.
*662 Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
The defendant was convicted of two counts of aggravated assault with a firearm. He contends on appeal that the trial court erroneously precluded him from introducing evidence which, he says, would have supported his claim that he acted in self-defense when he pointed a shotgun at two individuals who had come to his towtruck company premises to recover an impounded vehicle and, after an argument concerning the amount due to release the vehicle, menacingly shoved the defendant backwards. We affirm.
The evidence which the trial court rejected was purported expert testimony that people in the business of towing away other people's cars are frequently threatened and assaulted by angry car owners who take particular offense at being temporarily dispossessed of their automobiles and having to pay to reclaim them. Assuming, arguendo, that testimony that a defendant was subjected to or aware of prior assaultive behavior by disgruntled car owners is relevant as tending to prove the material fact[1] that he reasonably believed that his show of force was necessary to defend himself against the imminent use of force, see § 776.012, Fla. Stat. (1981),[2],[3] the proffer here did not include, as it was required to do, that this defendant knew of the assaults which had befallen his colleagues in the towing business.[4] In the absence of the proffered testimony being tied to the defendant's perception of the circumstances confronting him, the proffered testimony was not relevant to the defendant's self-defense claim.[5]See Price v. Gray's Guard Services, Inc., 298 So.2d 461, 464 (Fla. 1st DCA 1974) ("The conduct of a person acting in self defense is measured by an objective standard, but the standard must be applied to the facts and circumstances as they appeared at the *663 time of the altercation to the one acting in self defense." (emphasis supplied)); People v. Moody, 62 Cal. App.2d 18, 143 P.2d 978, 980 (1943) (a person in the exercise of his right of self-defense may use "only such force as a reasonable person, situated as he was and knowing what he knew, would have used under like circumstances." (emphasis supplied)); State v. Scroggins, 91 Idaho 847, 433 P.2d 117, 119 (1967) (the kind and degree of force which may lawfully be used in self-defense is "limited by what a reasonable person in the same situation as such person, seeing what he sees and knowing what he knows, then would believe to be necessary." (emphasis supplied)); State v. Dunning, 8 Wash. App. 340, 506 P.2d 321, 323 (1973) (a person "may use that degree of force necessary to protect himself which a reasonably prudent man would have used under the conditions appearing to him at that time." (emphasis in original)).
Affirmed.
NOTES
[1] "All relevant evidence is admissible, except as provided by law." § 90.402, Fla. Stat. (1983). The State suggests that the admissibility of evidence of prior assaults is limited to prior assaults committed by the very same persons who are alleged to be the victims of the offense for which the defendant is being tried. Of course, such testimony, as well as testimony concerning a victim's known reputation for violent conduct and specific prior acts of violence committed by a victim and known to the defendant, is admissible, see Garner v. State, 28 Fla. 113, 9 So. 835 (1891); Sanchez v. State, 445 So.2d 1 (Fla. 3d DCA 1984); Hager v. State, 439 So.2d 996 (Fla. 4th DCA 1983). However, this rule of admissibility is merely an exception to the rule that evidence of the character of the victim is ordinarily irrelevant, see § 90.404, Fla. Stat. (1983), and does not purport to define the outer limits of relevancy where a self-defense claim is made.
[2] Section 776.012, Florida Statutes (1981), provides:

"Use of force in defense of person.  A person is justified in the use of force, except deadly force, against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of deadly force only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another to prevent the imminent commission of a forcible felony."
[3] The State suggests that any error of excluding the defense evidence was harmless, since the defendant used deadly force and there was no evidence to suggest that he was being threatened with imminent death, great bodily harm, or the imminent commission of a forcible felony. But display of a deadly weapon without more is not deadly force. See § 776.06, Fla. Stat. (1981).
[4] While the defendant's proffer is unclear, it sufficiently appears that the testimony of the excluded witness was to relate to persons similarly situated to the defendant. Thus, defense counsel argued in support of the proffer:

"The statute as to reasonable use of force and the standard jury instruction all deal with an individual who is similarly situated, within [sic] a reasonable individual who would have acted the same."
This argument indicates that the purpose of the testimony was merely to show that the witness would have done what the defendant did under the circumstances. Indeed, the trial court stated it would permit the testimony if defense counsel could show "a pattern in this case of exactly what happened on that evening to this person" under similar circumstances, but would not permit testimony of others who themselves have received threats.
[5] Although, as we have acknowledged, prior incidents of assaultive behavior in like circumstances known to the defendant would likely have been admissible, no such testimony was proffered through the defendant. The defendant, testifying on his own behalf, stated that he had a shotgun in the car, "[b]ecause [of] other problems that I had before. A couple of other drivers got beat up pretty bad. My brother got a gun pulled out on him." Although the prosecutor's "objection" to the answer was sustained, no motion to strike the answer was made, and the testimony remained for the jury to consider. Defense counsel did not further pursue this area of inquiry by proffer or otherwise.