987 So.2d 761 (2008)
Amar SHREITEH, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-764.
District Court of Appeal of Florida, Fourth District.
July 16, 2008.
Rehearing Denied August 28, 2008.
*762 S. Patrick Dray of Dray Cabrera & Zacca, LLP, Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, Daniel P. Hyndman, and Sue-Ellen Kenny, Assistant Attorneys General, West Palm Beach, for appellee.
PER CURIAM.
We write to address two evidentiary rulings in this case.
Tried on the charges of aggravated battery and attempted first degree murder, appellant was convicted of the lesser offenses of battery and improper exhibition of a weapon.
In July, 2006, appellant worked as a clerk in a convenience store. Three teenagers and a six-year-old entered the store. One of the teenagers, Jeremius Howard, picked up a yo-yo from the floor and began to play with it. When he was done with it, he put the yo-yo down and began to leave the store.
Appellant accused Howard of unwrapping the yo-yo and told him he would have to pay for it. Howard refused. A fight ensued. As appellant tried to stab Howard, a bystander attempted to take the knife and was cut in the hand. The state presented testimony that appellant started the fight. Although he did not take the stand, the state introduced appellant's taped statement, where he described Howard as a troublemaker and the initial aggressor, who stabbed both a bystander and himself with his own knife.
During the cross-examination of a police officer, appellant attempted to introduce a packet of 911 calls originating from the convenience store, some made by appellant and some by unknown third parties. He argued that the calls established facts that would help the jury understand the self defense claim by demonstrating what the defendant was thinking at the time of the incident. The trial court correctly sustained the state's objection. For the purpose of establishing the facts of previous occurrences at the store, the reports of the calls were hearsay. Also, there was no evidence that appellant knew about many of the previous incidents reflected in the calls. See Toledo v. State, 452 So.2d 661, 662 (Fla. 3d DCA 1984); *763 Charles W. Ehrhardt, Florida Evidence § 404.6 (2004 ed.).
Later in the trial, appellant cross-examined a detective about three police reports relating to incidents which occurred in January, 2004, and September and November, 2005. Appellant was the complainant in all three incidents. The January, 2004 situation involved appellant's report of an attempted burglary; appellant showed the responding police officer where someone had tried to break into the store. The September, 2005 report memorializes appellant's account that "a black male came into his store and got in an argument with him. The black male then pulled a bunch of items off of the shelf and took a soda bottle that was full and threw it at" appellant, hitting him. The black male then ran away. The November, 2005 report involved a 21-year-old black male who pulled a gun on appellant in the store. After appellant grabbed the suspect, a fight ensued. The suspect struck appellant in the face with the gun and fled.
"The conduct of a person acting in self defense is measured by an objective standard, but the standard must be applied to the facts and circumstances as they appeared at the time of the altercation to the one acting in self defense." Price v. Gray's Guard Serv., Inc., 298 So.2d 461, 464 (Fla. 1st DCA 1974). In a self defense case, "evidence of specific acts of violence by the victim is admissible to reveal the reasonableness of the defendant's apprehension at the time of the incident," provided that the defendant knew about such acts. Berrios v. State, 781 So.2d 455, 458 (Fla. 4th DCA 2001). Here, appellant did not try to introduce prior acts of the victims, but his encounters with third parties to demonstrate the reasonableness of his conduct with the victims in this case. While such testimony may be relevant in a self defense case, see Toledo, 452 So.2d at 662, there must be some similarity between the acts of third parties and the criminal episode to make it relevant. Here, the three prior incidents were not sufficiently similar to the crime charged to have any probative value. For example, three teenagers, a six-year-old, and a yo-yo present a different situation than a 21-year-old with a handgun. We find no error in the trial court's ruling precluding appellant from questioning the detective about the police reports. See also § 90.403, Fla. Stat. (2007). We also note that the attempt to introduce the facts of the incidents through the police reports called for hearsay.
Affirmed.
STEVENSON, GROSS and MAY, JJ., concur.