Filed 5/12/15  P. v. Povio CA6
Opinion on remand from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM ANTHONY POVIO,<br><br>    Defendant and Appellant. | H039309<br>(Santa Clara County<br>Super. Ct. No. C1244427) |

This matter has been transferred here from the Supreme Court (S220685) with directions to reconsider the case in light of *People v. Trujillo* (2015) 60 Cal.4th 850 (*Trujillo*).

Defendant William Anthony Povio pleaded no contest to unlawful possession of Vicodin, false representation and identification to a peace officer, and possession of 28.5 grams or less of marijuana. He also admitted a prior strike conviction for attempted second degree burglary. The trial court suspended imposition of sentence and granted Povio three years' probation. On appeal, Povio challenges a probation condition and several fees imposed at his sentencing hearing.

The parties have filed supplemental briefs, which we have considered. (Cal. Rules of Court, rules 8.528(f), 8.200(b).) We hereby vacate our previous decision. Having reconsidered the cause in light of *Trujillo*, we reverse the judgment and remand with directions.

## I. BACKGROUND

On November 8, 2012, the People filed a four-count complaint charging Povio with (1) unlawful possession of a controlled substance, Vicodin (Health & Saf. Code, § 11350, subd. (a)); (2) false representation and identification to a peace officer (Pen. Code, § 148.9);[1] (3) possession of burglary tools (§ 466); and (4) possession of 28.5 grams or less of marijuana (Health & Saf. Code, § 11357, subd. (b)). The complaint also alleged, pursuant to section 667.5, subdivision (b), that Povio had a prior felony conviction and prison term for attempted second degree burglary (§§ 459, 460, subd. (b), 664).

Povio pleaded no contest to counts 1, 2, and 4 and admitted the prior conviction on December 6, 2012. Pursuant to Povio's plea agreement, the court dismissed the count 3 possession of burglary tools charge. Before Povio entered his plea, the court advised him that he would be subject to certain fines and fees. Povio asked "am I in violation of probation if I can't pay?" Povio and his counsel then conferred off the record, after which Povio entered his plea without further discussion of his ability to pay or the consequences of failing to do so.

The court suspended imposition of sentence and placed Povio on a three-year term of formal probation on various terms and conditions, including the condition that he serve nine months in county jail with credit for 64 days. The court also imposed a condition of probation requiring Povio to stay 300 yards away from any playground. The court orally ordered Povio to pay various fines and fees including a laboratory analysis fee of "[$]50 per count," a probation supervision fee "not to exceed [$]110 per month," a $150 drug program fee, and a $70 AIDS education fee. The minute order reflects a $150 lab fee, a $110 per month probation supervision fee, a $150 drug program fee, and a $70 AIDS education fee.

Povio timely appealed his sentence.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

2

During the pendency of this appeal, the trial court issued a bench warrant for Povio's arrest for failure to comply with the terms of his probation. Eventually, Povio was taken into custody and his probation was revoked. At a hearing in the trial court on April 23, 2014, Povio admitted to violating his probation. The trial court ruled that his probation remained revoked, imposed sentence, deemed the sentence served, and ordered Povio released without postrelease supervision. The parties stipulated that the laboratory analysis fee should be reduced to $50 and the court accepted that stipulation. The court also ordered that all fines and fees run "concurrent to his credits." Finally, despite the fact that Povio would no longer be on probation, it modified the 300-yard playground stay-away probation condition to include an express knowledge requirement.

## II.    DISCUSSION

On appeal, Povio challenges the imposition of the laboratory analysis, probation supervision, drug program, and AIDS education fees. He also challenges the constitutionality of the probation condition requiring him to stay 300 yards away from playgrounds.

### A.    *Laboratory Analysis Fee*

Povio urges, and the People concede, that the $150 laboratory analysis fee should be reduced to $50. Pursuant to Health and Safety Code section 11372.5, subdivision (a), every person convicted of one of several enumerated violations of the Health and Safety Code shall pay a criminal laboratory analysis fee in the amount of $50 for each separate offense. Povio was convicted of only one qualifying offense--unlawful possession of a controlled substance in violation of Health and Safety Code section 11350, subdivision (a). Neither section 148.9, nor Health and Safety Code section 11357, subdivision (b), are listed in Health and Safety Code section 11372.5, subdivision (a). Accordingly, Povio should have been assessed only a $50 lab fee.

3

As noted, while this appeal was pending, the parties stipulated in the trial court that the laboratory analysis fee should be reduced to $50 and the court accepted that stipulation. Accordingly, the parties agree that the issue is now moot. We do as well.[2]

" 'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' " (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472 (*Alanis*).) "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it." (*Ibid.*) "Thus, action by the trial court while an appeal is pending is null and void" unless it falls "within an exception to the general rule explained above . . . ." (*Id.* at p. 1473.) One exception is that, notwithstanding the pendency of an appeal, the trial court is allowed to correct an unauthorized sentence. (*Wilson v. Superior Court* (1980) 108 Cal.App.3d 816, 818 [" 'a sentence not authorized by law . . . [is] subject to judicial correction whenever the error [comes] to the attention of the trial court or a reviewing court' "]; *Alanis*, *supra*, at p. 1473 [while appeal is pending, trial court may vacate void judgment, meaning one it lacked subject matter jurisdiction to impose, such as an unauthorized sentence].) "In such a case the court lacks '*jurisdiction*' and the sentence, or at least its unlawful part, is '*void*.' " (*Wilson v. Superior Court*, *supra*, at p. 818.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

Here, a $150 laboratory analysis fee could not lawfully be imposed under any circumstance. The sentence was unauthorized to the extent the court imposed such a fee. Thus, the trial court properly reduced the laboratory analysis fee to $50, rendering the issue moot on appeal.

---

[2] Before we issued our earlier opinion in this case, Povio moved to dismiss his appeal as moot based on the trial court's April 23, 2014 ruling. We denied that motion, but we elect to revisit the issue now.

4

### B. *Drug Program Fee*

Povio asserts that the drug program fee must be reversed and remanded because no ability-to-pay determination was made and substantial evidence does not support an implied finding of ability to pay. The People maintain Povio forfeited this claim by failing to raise it in the trial court.[3]

Povio also notes that the trial court failed to impose mandatory penalty assessments associated with the drug program fee. According to Povio, that failure proves that the trial court did not properly assess his ability to pay. The People initially failed to respond to this argument. We requested supplemental briefing as to whether the drug program fee is subject to any mandatory penalty assessments. (See *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1527 (*Castellanos*) [requesting supplemental briefing as to whether crime prevention programs fee is subject to any additional assessments, a surcharge, or further penalties]; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1414-1415 [appellate court may raise issue of unauthorized sentence absent challenge by the People].) The parties agree that penalty assessments totaling $465 must be imposed in connection with the $150 drug program fee. The mandatory penalty assessments include: (1) a $150 state penalty assessment (§ 1464, subd. (a)(1)); (2) a $30 state surcharge (§ 1465.7); (3) a $75 state court construction penalty (Gov. Code, § 70372); (4) a $105 additional penalty (*id.*, § 76000, subd. (a)(1)); (5) a $30 emergency medical services penalty (*id.*, § 76000.5, subd. (a)(1)); (6) a $15 penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act

---

[3] This issue was not mooted by the trial court's order that the drug program fee run concurrently with the credits. The trial court had subject matter jurisdiction to impose the drug program fee such that it was not void on its face. Accordingly, the trial court lacked jurisdiction to alter its judgment with respect to the drug program fee while this case was pending on appeal.

(*id.*, § 76104.6, subd. (a)(1)); and (7) a $60 forensic laboratories penalty (*id.*, § 76104.7). Thus, the actual amount due in connection with the drug program fee is $615.

Health and Safety Code section 11372.7 governs the imposition of the drug program fee. It requires the court to "determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee" and to "set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability." (Health & Saf. Code, § 11372.7, subd. (b).) In determining "whether a person has the ability to pay," the court must "take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution." (*Ibid.*) Courts have concluded that while the statute, and others like it, "direct[s] trial courts to take into account other fines and restitution, the controlling question is the *ability to pay*, which includes, in material part, an evaluation of the totality of an accused's financial responsibilities" including mandatory penalty assessments. (*Castellanos*, *supra*, 175 Cal.App.4th at p. 1532 [construing identical ability to pay provision related to crime prevention programs fine set forth in § 1202.5, subd. (a)]; *People v. Corrales* (2013) 213 Cal.App.4th 696, 702 (*Corrales*) [defendant's ability to pay drug program fee must be made "in light of his total financial obligations" including $390 in mandatory penalty assessments].) Only if the court concludes the individual has the ability to pay may the drug program fee be imposed.

The trial court "is not required to state its [ability to pay] finding on the record." (*People v. Martinez* (1998) 65 Cal.App.4th 1511, 1518 (*Martinez*); see also *People v. Staley* (1992) 10 Cal.App.4th 782, 785 [Health & Saf. Code, § 11372.7 "does not require the trial court to make an express finding of ability to pay a drug program fee"].) On a silent record, we presume the trial court lawfully performed its duty in imposing sentence and found that defendant had an ability to pay the drug program fee. (See *Martinez*,

6

*supra*, at p. 1517; *People v. Clark* (1992) 7 Cal.App.4th 1041, 1050.)

Here, we presume the trial court determined Povio was able to pay a $150 drug program fee. (See *Corrales*, *supra*, 213 Cal.App.4th at p. 702; *Castellanos*, *supra*, 175 Cal.App.4th at p. 1531; *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1249 (*Valenzuela*).) But it did not do so in view of Povio's obligation to pay $465 in mandatory penalty assessments associated with the drug program fee (or his obligation to pay $217 in penalty assessments associated with the AIDS education fee, discussed below).

It is not clear whether the People believe Povio's failure to object precludes us from remanding to allow the trial court to assess his ability to pay in view of the mandatory penalty assessments. In our view, the forfeiture argument does not extend so far. " ' "[F]orfeiture is the failure to make the timely assertion of a right." ' " (*Cowan v. Superior Court* (1996) 14 Cal.4th 367, 371.) Regardless of whether Povio forfeited his ability to challenge any implied finding of ability to pay, he cannot be said to have forfeited a challenge to an ability to pay determination the court plainly did not make. In other words, because Povio had no opportunity to argue he could not pay the drug program fee given the *totality* of the fines, fees, and assessments imposed, he did not forfeit the right to have the trial court assess his ability to pay based on all of his financial obligations.

We remand to allow the trial court to determine whether Povio has the ability to pay a drug program fee in view of the total amount of fines and penalty assessments imposed on him. (See *Valenzuela*, *supra*, 172 Cal.App.4th at p. 1250 [remanding for determination of defendant's ability to pay sex offender fine in light of his total financial obligations where court previously had failed to impose mandatory penalty assessments]; *Castellanos*, *supra*, 175 Cal.App.4th at p. 1532 [same with respect to local crime

7

prevention programs fine]; *Corrales*, *supra*, 213 Cal.App.4th at p. 702 [same with respect to drug program fine].)

### C. AIDS Education Fee

Povio's challenge to the AIDS education fee mirrors his challenge to the drug program fee.[4] Again, we requested supplemental briefing as to whether the AIDS education fee is subject to any mandatory penalty assessments. The parties agree that penalty assessments totaling $217 must be imposed in connection with the $70 AIDS education fee. The mandatory penalty assessments include: (1) a $70 state penalty assessment (§ 1464, subd. (a)(1)); (2) a $14 state surcharge (§ 1465.7); (3) a $35 state court construction penalty (Gov. Code, § 70372); (4) a $49 additional penalty (*id*., § 76000, subd. (a)(1)); (5) a $14 emergency medical services penalty (*id*., § 76000.5, subd. (a)(1)); (6) a $7 penalty for the implementation of the DNA Fingerprint, Unsolved Crime and Innocence Protection Act (*id*., § 76104.6, subd. (a)(1)); and (7) a $28 forensic laboratories penalty (*id*., § 76104.7). Thus, the actual amount due in connection with the AIDS education fee is $287.

Health and Safety Code section 11377, subdivision (b) provides that the court may assess an AIDS education fee "not to exceed seventy dollars ($70) against any person who violates subdivision (a)" and that "[t]he court shall, however, take into consideration the defendant's ability to pay, and no defendant shall be denied probation because of his or her inability to pay the fine permitted under this subdivision." Unlike Health and Safety Code section 11372.7, subdivision (b), discussed above, the statute does not indicate what the trial court should consider in assessing ability to pay. Because the

---

[4] Like Povio's challenge to the drug program fee, this issue was not mooted by the trial court's order that the AIDS education fee run concurrently with the credits. The trial court had subject matter jurisdiction to impose the AIDS education fee such that it was not void on its face. Accordingly, the trial court lacked jurisdiction to alter its judgment with respect to the AIDS education fee while this case was pending on appeal.

8

controlling question is the same--ability to pay--we conclude courts must consider the totality of a defendant's financial obligations, including mandatory penalty assessments. As with the drug program fee, there is no requirement that the trial court make an express finding of ability to pay the AIDS education fee, and none was made here. Accordingly, we presume the trial court found Povio was able to pay a $70 AIDS education fee.

For the reasons discussed above in connection with the drug program fee, we remand to allow the trial court to determine Povio's ability to pay the AIDS education fee "in light of his total financial obligations." (*Valenzuela*, *supra*, 172 Cal.App.4th at p. 1250.)

### D. *Probation Supervision Fee*

Povio contends the trial court's order imposing a probation supervision fee should be vacated, and the matter should be remanded, because the court failed to determine his ability to pay the monthly fee as required by section 1203.1b. Povio further maintains there is no evidence to support an implied ability-to-pay finding.[5]

The People maintain Povio has forfeited his claim because he failed to object when the trial court imposed the probation supervision fee. We are bound by *Trujillo* to agree.

In *Trujillo*, our Supreme Court held that a defendant forfeits the ability to challenge the imposition of a probation supervision fee on appeal by failing "to assert noncompliance with section 1203.1b in the trial court." (*Trujillo*, *supra*, 60 Cal.4th at p. 858.) In view of *Trujillo*, we must conclude that Povio has forfeited his claims of

---

[5] Povio also asserts a mootness argument. We reach the same conclusion we did with respect to the drug program fee and AIDS education fees--the issue is not moot because the trial court's original imposition of the probation supervision fee was not void and thus the court lacked jurisdiction to alter its judgment with respect to the fee during the pendency of this appeal.

noncompliance with section 1203.1b and insufficiency of evidence of his ability to pay the probation supervision fee.

Nevertheless, given our conclusion the trial court failed to impose $682 in mandatory penalty assessments, reversal and remand for an ability to pay determination that accounts for those assessments is appropriate.  Section 1203.1b, subdivision (a) requires "the probation officer, or his or her authorized representative, *taking into account any amount that the defendant is ordered to pay in fines*, *assessments*, *and restitution*, [to] make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision . . . ," among other things.  (Italics added.)  Here, the probation officer could not have taken into account the $682 in mandatory penalty assessments we have identified.  The People argue that Povio's proper recourse is that described in *Trujillo*--a petition to " 'the probation officer for a review of [his or her] financial ability to pay or [to] the rendering court to modify or vacate its previous judgment on the grounds of a change of circumstances with regard to [his] ability to pay the judgment.' " (*Trujillo*, *supra*, 60 Cal.4th at pp. 860-861, citing § 1203.1b, subds. (c) & (f).)  Because reversal and remand is necessary regardless, judicial economy counsels in favor of remanding for a new determination of Povio's ability to pay the probation supervision fee.

### E.    *Playground Stay-Away Probation Condition*

Finally, Povio challenges the 300-yard playground stay-away probation condition as unconstitutionally overbroad and vague absent an express knowledge requirement.

In his motion to dismiss on mootness grounds, Povio argued that his challenge to the probation condition is moot for two reasons:  (1) the trial court modified the condition to include an express knowledge requirement while this appeal was pending and (2) also while this appeal was pending, the trial court released Povio for time served without postrelease supervision.  The People agree the issue is moot, as do we.

In 1958, our Supreme Court addressed but did "not . . . pass upon the extent of the trial court's jurisdiction over the probationers [and] the terms of their probation while their appeal was pending." (*In re Osslo* (1958) 51 Cal.2d 371, 381.) The court noted that various statutes, including sections 1203.3, 1203.2 and 1203.2a, indicate that "the trial court [has] continuing jurisdiction over a probationer" that "appear[s]" to include the "power to require supervision of the probationer, and to punish violation of the conditions of probation by modification of those conditions or revocation of probation." (*In re Osslo*, *supra*, at p. 380.) However, the court expressed the view that "the mere taking and pressing of an appeal from an order granting probation, and seeking reversal of the conviction or a declaration that any of the conditions of probation are invalid, should not, merely as such, constitute a ground for revocation or modification of probation." (*Id*. at p. 381.) The court further noted that "[i]t could also be argued that a trial court should not, while an appeal is pending, make any change in the original conditions of probation other than such as might become necessary or expedient by reason of some act or default of the defendant or some event or circumstance not connected with the appeal from the order." (*Ibid*.) Thus, *In re Osslo* supports the proposition that, "[p]ending the resolution of an appeal, the trial court retains jurisdiction to supervise a probationer and to punish violations of any probationary conditions." (*In re Omar R*. (2003) 105 Cal.App.4th 1434, 1439.)

Here, as punishment for a probation violation, the trial court revoked Povio's probation, sentenced him, and released him for time served without postrelease supervision. Those actions were within the court's continuing jurisdiction to supervise Povio and punish him for probation violations. Given that Povio no longer is subject to the 300-yard playground stay-away probation condition, his challenge to that condition is moot.

11

We note, however, that the court lacked jurisdiction to modify the playground stay-away probation condition to include an express knowledge requirement, as it purported to do.  That purported modification was not necessitated by "some act or default of the defendant or some event or circumstance not connected with the appeal from the order." (*In re Osslo*, *supra*, 51 Cal.2d at p. 381.)  Rather, the modification appears to have been motivated solely by the fact that Povio had appealed the condition as invalid.  But, according to *In re Osslo*, the appeal alone "[c]ertainly . . . should not, merely as such, constitute a ground for revocation or modification of probation." (*Ibid*.)

## III.   DISPOSITION

The order for probation is reversed.  On remand, the court shall determine, in light of the mandatory penalty assessments discussed herein, Povio's ability to pay (1) the drug program fee under Health and Safety Code section 11372.7; (2) the AIDS education fee under Health and Safety Code section 11377, subdivision (b); and (3) the probation supervision fee under Penal Code section 1203.1b.  If the court finds Povio has the ability to pay and imposes any of those fees, it shall also impose any mandatory penalty assessments and set forth the statutory bases for those penalty assessments. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 937-938 [amount and statutory basis for each fine and penalty assessment must be enumerated in the judgment and listed on the abstract of judgment].)

12

_____

Premo, J.

WE CONCUR:

_____

Rushing, P. J.

_____

Elia, J.

People v. Povio
H039309