Filed 2/25/16  P. v. Green CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CARNELL GREEN<br><br>        Defendant and Appellant. | A144932<br><br>(S.F. City & County,<br>Case No. 14023930) |

Defendant Carnell Green appeals from a judgment entered upon a jury verdict finding him guilty of one count of felony unlawful driving or taking of a motor vehicle (Veh. Code, § 10851) and one count of misdemeanor receiving or buying stolen property (Pen. Code,[1] § 496, subd. (a)).[2]  Defendant contends he is entitled to three additional days of presentence credit.  We agree and order the judgment modified to reflect that defendant will receive three additional days of presentence credit for a total of 316 days.

## I.  FACTUAL BACKGROUND

The evidence showed that on the afternoon of September 7, 2014, Rita Lazo parked a four-door rental truck on Minna Street in San Francisco.  She left her keys in the ignition and proceeded to arrange some groceries in the back seat.  Defendant approached and asked Lazo whether she could give him a ride.  Lazo refused.  Defendant then walked

---

[1] All further statutory references will be to the Penal Code.

[2] In a bifurcated proceeding, the trial court also found true the allegation that defendant served a prior prison term.  (§§ 666.5, 667.5, subd. (6).)

1

toward the truck and went into the driver's seat. After a brief struggle with Lazo, defendant drove away.

At approximately 9:45 p.m., the police found the truck and arrested defendant. They also recovered Lazo's purse and cell phone, which had been left in the truck.

## II. DISCUSSION

Defendant contends the trial court erred in calculating his presentence custody credit and that he is entitled to three additional days of credit. The Attorney General concedes the error.

A defendant may appeal a judgment of conviction on the ground of an error in the calculation of presentence custody credit only if he or she presents the claim at the time of sentencing or, if the error is discovered after sentencing, informs the trial court of the error in writing. (§ 1237.1.) On review, an appellate court may correct a presentence custody error as an unauthorized sentence. (*People v. Acosta* (1996) 48 Cal.App.4th 411, 419–420 [presentence custody credit issue involves a legally unauthorized sentence]; *Wilson v. Superior Court* (1980) 108 Cal.App.3d 816, 818 [unauthorized sentence is subject to judicial correction when discovered].)

A defendant who was in custody prior to his misdemeanor or felony conviction is entitled to credit for "all days of custody . . . upon his or her term of imprisonment." (§ 2900.5, subd. (a).) He or she is also entitled to receive four days of custody credit for every two days spent in actual custody, including the day of arrest and the day of sentencing. (§ 4019, subds. (a)(1), (f); *People v. Bravo* (1990) 219 Cal.App.3d 729, 735.)

Here, defendant preserved his right to challenge his presentence credit by objecting to the trial court's calculation at his sentencing, arguing he had been in custody for 158 days. Relying on the probation department's assertion that defendant was in custody for 157 days, the court gave defendant 313 days of presentence credit. The record refutes the court's calculation. It is undisputed that defendant was taken into custody on the date of the incident, September 7, 2014, and sentenced on February 11,

2

2015.  Defendant thus served 158 actual days in custody and was entitled to a total of 316 days—not 313 days—of presentence custody credit in accordance with section 4019, subdivision (f).  Defendant is therefore entitled to three additional days of credit.

### III.  DISPOSITION

The judgment is modified to reflect defendant will receive 158 days of actual custody credit and 158 days of credit pursuant to section 4019, subdivision (f), for a total of 316 days of presentence credit.  The trial court is directed to amend the abstract of judgment accordingly and to forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

 

 

 

_____

Rivera, J.

We concur:

_____

Ruvolo, P.J.

_____

Reardon, J.